IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4 and JOHN DOE #5,

        Plaintiffs,        Civil Action No.: 5:18-cv-496 (FJS/DEP)

vs.

SYRACUSE UNIVERSITY,
KENT SYVERUD, individually and as Chancellor
of Syracuse University, PAMELA PETER, individually
and as Assistant Dean of Student Rights and Affairs and
the Director of the Office of Student Rights and
Responsibilities, ROBERT HRADSKY, individually and
as Syracuse University Dean of Students and Associate
Vice President of the Student Experience, TERESA
ABI-NADER DAHLBERG, individually and as the Dean
of the College of Engineering and Computer Science,

        Defendants.

---

### Declaration of Kevin E. Hulslander, Esq. in Support of Plaintiffs' Motion for an Order to Show Cause, Temporary Restraining Order and Preliminary Injunction and for A Protective Order to Proceed Under a Pseudonym

1. I, Kevin E. Hulslander, pursuant to 28 U.S.C. § 1746, declare as follows:

2. I am an attorney licensed to practice law in the State of New York and am admitted to practice in all New York State courts and in the United States District Court for the Northern District of New York.

3. I am a member of the law firm of Smith, Sovik, Kendrick & Sugnet, P.C., attorneys for Plaintiffs, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5. I am fully familiar with the facts and circumstances surrounding this case.

4. I submit this Declaration, together with the Affidavits of JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5 in support of Plaintiffs' motion to for an Order to Show Cause, Temporary Restraining Order and Preliminary Injunction and for a Protective Order to proceed under pseudonyms.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

5. On April 24, 2018, I notified the Defendants that my office represented the Plaintiffs and we intended to commence litigation seeking injunctive relief via Order to Show Cause in accordance with Fed. R. Civ. P. 65 (b) (1) (B).

6. On April 24, 2016, Plaintiffs filed a Complaint against the Defendants seeking injunctive relief as well as compensatory and punitive damages. Dkt. # 1.

7. Plaintiffs are students at Syracuse University and are prospective members of the Syracuse University chapter of Theta Tau, ("the Chapter") a professional engineering fraternity at the Syracuse University. Dkt. #1, ¶ 1. On March 30, 2018, as was Theta Tau tradition, Plaintiffs performed a satirical skit—a roast—of the Theta Tau brothers. Dkt. #1, ¶ 1. The video was privately available to Syracuse University Theta Tau members, but no one else. Over two weeks later, an unknown party accessed the Theta Tau's private Facebook group, recorded the video, and disseminated it to Syracuse University Officials and *The Daily Orange* without authorization or consent. Dkt. #1, ¶ 1.

8. As a result of the video release, Plaintiffs, along with several other members of the Chapter, have been notified that they are in violation of the University's Code of Student Conduct. Dkt. #1, ¶ 38. Plaintiffs, along with several other members of the Chapter, have been prohibited from attending classes, labs and any and all academic activities. Dkt. #1, ¶ 42. This week is the last week of classes for the semester at the University and graduation is May 13,

2018. The University has been attempting to expedite the disciplinary process, to the detriment of Plaintiffs, for the sole purpose of ending embarrassing media coverage about the videos and ensuing campus protests. Dkt. #1, ¶ 55.

9. Indeed, as acknowledged by the Senior Vice President of Enrollment and the Student Experience, Dolan Evanovich, regarding the investigation and ensuing disciplinary process: "We are really trying to compress this timeline." Dkt. #1, ¶ 2. But, in the name of "compress[ing] the timeline," Defendants proclaimed guilt by association without a competent investigation. Dkt. #1, ¶ 2. Within minutes of the roast recordings leaking, Defendants had effectively concluded the investigation; Defendants had: (1) expelled the fraternity for nothing more than being identifiable in the recording; (2) identified Theta Tau as the organization in the video to the community, outing Plaintiffs and their organization and subjecting Plaintiffs to ridicule and scorn; and (3) proclaimed the participants as racist, anti-sematic, homophobic, sexist, and hostile to people with disabilities instead of contextualizing the recording as satirical. Dkt. #1, ¶ 2. Moreover, Defendants have suggested numerous times that Plaintiffs are criminals.

10. Plaintiffs now seek equitable relief from this Court, via Order to Show Cause to enjoin Defendants from causing further irreparable harm to Plaintiffs, and also seek damages for the injury to their reputation and educational endeavors caused by Defendants' malicious acts. Dkt. #1, ¶ 27.

11. In addition, Plaintiffs seek to proceed in this action under pseudonyms to protect their personal and educational right to privacy concerning disciplinary actions.

### PLAINTIFFS ARE ENTITLED TO TEMPORARY AND PRELIMINARY INJUNCTIVE RELIEF TO PREVENT DEFENDANTS FROM CAUSING FURTHER IRREPARABLE HARM TO PLAINTIFFS' REPUTATIONS AND/OR THEIR EDUCATIONAL RIGHTS AND INTERESTS DURING THE PENDENCY OF DISCIPLINARY PROCEEDINGS

12. As set forth in the accompanying Memorandum of Law and Affidavits of JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5, Plaintiffs have established they are likely to succeed on the merits and there are sufficiently serious grounds for litigating their claims due to Defendants' failures to follow University rules, pretextual allegations, and improper suspensions. Plaintiffs have also shown they have been suspended at a crucial moment in the semester—the last weeks leading into finals—shifting the balance of the hardships decidedly in Plaintiffs' favor. The University's actions in suspending Plaintiffs without cause has resulted in the immediate, irreparable injury that has no adequate remedy at law because Plaintiffs will suffer great hardship in losing a semester's worth of work and credit if their suspension precludes them from attending class and preparing for final exams.

### THE COURT SHOULD GRANT PLAINTIFFS' REQUEST FOR A PROTECTIVE ORDER AND ALLOW THEM TO PROCEED UNDER A PSEUDONYM

13. As set forth in the accompanying Memorandum of Law and Affidavits of JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5, Plaintiffs have shown they are entitled to a Protective Order under Fed. R. Civ. P. 10 (a) and the Fed. Educ. Records and Privacy Act ("FERPA"), 20 U.S.C. § 1232g. Plaintiffs should be granted a protective order to proceed under pseudonyms to protect their privacy rights and to avoid the potential for retribution from the University and University community if Plaintiffs are further identified in this action as litigants.

14. Plaintiffs' submissions show their college disciplinary records are highly sensitive, as recognized by the Federal Education Records and Privacy Act ("FERPA"). Disclosing Plaintiffs' identities will, *inter alia*: 1) expose Plaintiffs and their colleagues to potential physical

and mental retaliation, as evidenced by threatening social media posts; and 2) further the injuries allegedly caused by Defendants—public recognition as participants in the misunderstood videos at issue in this case. Moreover, Defendants have publically acknowledged that FERPA prohibits Syracuse University from disclosing the John Does' names.

Based on the foregoing, Plaintiffs, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and JOHN DOE #5 respectfully requests an Order of this Court granting their motion for an Order to Show Cause, Temporary Restraining Order and Preliminary Injunction and for a Protective Order to proceed under pseudonyms, and for such other and further relief as this Court deems just and appropriate.

DATED: April 25, 2018

_____
KEVIN E. HULSLANDER