UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, and John doe #5,

*Plaintiffs*,

vs.

SYRACUSE UNIVERSITY, KENT SYVERUD, individually and as Chancellor of Syracuse University, PAMELA PETER, individually and as Assistant Dean of Student Rights and Affairs and the Director of the Office of Student Rights and Responsibilities, ROBERT HRADSKY, individually and as Syracuse University Dean of Students and Associate Vice President of the Student Experience, TERESA ABI-NADER DAHLBERG, individually and as the Dean of the College of Engineering and Computer Science,

*Defendants*.

Civil Action No.:
5:18-CV-496 (FJS/DEP)

---

DECLARATION

ERIC NESTOR, pursuant to 28 U.S.C. § 1746, does hereby declare:

1. I am the Associate Director of Syracuse University's Office of Student Rights and Responsibilities ("OSRR"), which is the office responsible for processing student conduct cases pursuant to the Student Conduct System Handbook (the "Handbook"). I make this Declaration based on my personal knowledge of the facts and circumstances of this action, as well as personal knowledge of the student conduct process at Syracuse University (the "University").

2. I submit this Declaration in support of Defendants' opposition to Plaintiffs' motion for an Order to Show Cause, Temporary Restraining Order, and Preliminary Injunction allowing Plaintiffs to obtain official academic transcripts without notations.

{H3354258.1}

<u>The University's regular practice with respect to transcript "holds"</u>

3. In student conduct cases involving charges that may result in suspension, or the case arises close in time to the end of the academic year, it is routine practice for OSRR to place a hold on the accused student's academic file. The hold prevents students from registering from classes or obtaining a copy of their academic records, including their academic transcripts, while the disciplinary process is pending. The student body has been placed on notice of this policy on the University Registrar's website as depicted below:[1]

## Office of Students Rights and Responsibilities

Staff from this office can place a hold preventing a student from attempting to register until any outstanding judicial actions are settled. Students with this type of hold should contact the Office of Students Rights and Responsibilities, 304 Steele Hall.

The policy is also indicated on the webpage associated with the release of transcripts as depicted below[2]:

### Transcript Fees

Current matriculated students may order up to three free transcripts per academic year through 60 days after their last degree is posted. The cost for electronic or paper transcripts is $12.00, which helps cover the cost of the added security and other enhanced features of the new system. Additional fees of $2.50 for US domestic delivery and $5.00 for international delivery will apply for paper transcripts.

**Note:**
**Transcripts are not released for students or alumni with outstanding financial or student conduct obligations.**

---

[1] *See* http://registrar.syr.edu/students/registration/holds/#Office_of_Students_Rights_and_Responsibilities
[2] See http://registrar.syr.edu/students/transcripts/ (emphasis added).

{H3354258.1}                                    2

4.    The University regularly places holds on students' files regardless of the nature of the charge.

5.    Holds are meant to prevent students accused of serious disciplinary violations from merely withdrawing from the University without being held accountable for their conduct.

6.    These holds remain in place until the student conduct case is fully resolved, including until all appeals, if any, are decided.

7.    If a student is suspended from the University for a non-Title IX, non-violence-related violation, a notation is placed on their transcript that reads: "Administrative Withdrawal – University Initiated."

### Holds placed on the Plaintiffs' transcripts

8.    I have been advised that the *Theta Tau* "Doe" Plaintiffs in the federal civil lawsuit against the University contend that the holds placed on their transcripts were inconsistent with University policy and were authorized only where Title IX claims were pending.

9.    This contention is not accurate because the holds placed on the Plaintiffs' transcripts were consistent with the University's routine practice to enforce transcript holds in any student conduct case involving charges that may result in suspension, or that otherwise occur close to the end of the academic year.

10.    In addition, it should also be noted that the OSRR placed holds on Plaintiffs' files on April 21, 2018, well *before* the Title IX charge was lodged. A true and correct copy of the Registrar data display showing the "hold" dates for the Plaintiffs is attached hereto as **Exhibit "A,"** with the relevant hold dates highlighted. Thus, the transcript holds challenged by the Plaintiffs are not tied to the Title IX charges, but rather were put in place consistent with the University's regular practice.

11. On June 5, 2018, the University Conduct Board issued decisions in the disciplinary cases against Plaintiffs, finding them responsible for violating certain provisions of the Code of Student Conduct and other University policies, and notifying them of their right to appeal.

12. On or about June 7, 2018, the *Theta Tau* students, likely including the anonymous Plaintiffs, began requesting copies of their academic transcripts for purposes of applying to other universities.

13. Plaintiffs submitted their appeals of the University Conduct Board decisions on June 8, 2018.

<u>Plaintiffs' requests for release of their transcripts</u>

14. Although the University would typically withhold all transcripts until the appeals are decided, given the complicated timing of this case, *i.e.*, during the summer months when transfer applications may be due, the University decided to release the *Theta Tau* students' transcripts, on the condition that the notation of "Administrative Withdrawal – University Initiated" would appear on the documents. I made clear to the students that in the event their appeals are successful, the University would remove the notations on their transcripts and issue new documents at that time, writing in an e-mail to them as follows: "If the outcome of your appeal is favorable to you, resulting in either no disciplinary status or a status less than indefinite suspension, our office will submit paperwork to have the notation removed from your transcript. You may, after that time, request a new transcript without the withdrawal notation." A true and correct copy of the referenced e-mail correspondence is attached hereto as **Exhibit "B"**.

15. This decision was an effort to accommodate the requests made by the Plaintiffs. In so doing, the University treated them more favorably than other similarly-situated students subject to pending discipline, whose transcripts would have been kept on hold during the pendency of the disciplinary process as a matter of standard practice.

{H3354258.1}

I declare under the penalty of perjury that the foregoing is true and correct.

Dated: June 18, 2018

_____
ERIC NESTOR