

# HANCOCK
## ESTABROOK, LLP
COUNSELORS AT LAW

**JOHN G. POWERS**
*jpowers@hancocklaw.com*
(315) 565-4547

August 28, 2018

**VIA ECF**

Hon. Frederick J. Scullin
United States District Judge
Federal Building and U.S. Courthouse
100 South Clinton Street
P.O. Box 7255
Syracuse, NY 13261-7345

**Re:** *John Doe, et al. v. Syracuse University, et al.* **(No. 5:18-cv-496 (FJS/DEP))**

Dear Judge Scullin:

    Defendants in the above-captioned proceeding write in response to the letter to the Court filed yesterday by Plaintiffs, *see* ECF Dkt. #47, seeking a four-week extension of time to respond to Defendants' motion to dismiss for failure to state a claim, ECF Dkt. #44.

    As the Court is aware based on filings lodged yesterday, Plaintiffs recently brought an almost entirely duplicative proceeding in New York Supreme Court, attempting to litigate identical issues to those previously before this Court when it rejected their motion for a preliminary injunction on June 28, 2018. *See* ECF Dkt. #24. Now, a day before their opposition papers were due, Plaintiffs have requested a four-week extension for their response to Defendants' motion to dismiss. Plaintiffs explicitly note that they are requesting a date after the return date for their state court action has passed, and claim that such a date is necessary in order that the parties be able to "consult with Judge McClusky regarding his directive that the two actions be consolidated or joined."

    Plaintiffs chose a federal forum in which to bring their suit, and the Court and the parties have expended significant efforts to date in litigating in Plaintiffs' chosen forum. There has already been extensive motion practice between the parties in this Court, resulting in a large commitment of resources by the Court and the parties. As a result of an initial TRO proceeding, motions regarding Plaintiffs' pseudonym status, a second TRO and preliminary injunction proceeding, and Defendants' pending motion to dismiss, the Court is well-versed in the matter and has spent significant time adjudicating various issues related to it. Defendants have a right to have this matter proceed to completion in the venue that Plaintiffs initially chose. As a result, Defendants filed yesterday an Answer to Plaintiffs' Amended Complaint, *see* ECF Dkt. #46, and Plaintiffs may dismiss this action only pursuant to the requirements of Fed. R. Civ. P. 41(a)(2). Under that rule, factors this Court must consider before granting any motion by Plaintiffs to voluntarily dismiss the action include any "undue vexatiousness" on Plaintiffs' part, the effort


HANCOCK
ESTABROOK, LLP
COUNSELORS AT LAW

August 28, 2018
Page 2

and expense Defendants have been forced to expend, and the adequacy of Plaintiffs' explanation for the need to dismiss. *See, e.g., Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990). Because Defendants now have filed an answer to the complaint, this Court should treat Defendants' motion to dismiss as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See, e.g., Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 125-27 (2d Cir. 2001).

That Plaintiffs apparently believe their likelihood of success is greater in state court—following this Court's denial of their motion for a preliminary injunction—is of no moment. Whether Judge McClusky believes that the federal and state cases should be "consolidated or joined" is beside the point as regards to this Court's proper exercise of its jurisdiction over a case that has been pending and actively litigated before it for over four months.

Defendants are entitled to press this case forward to judgment, based on Defendants' pending dispositive motion. For these reasons, we respectfully request that this Court allow Plaintiffs, at most, a brief one or two week extension for their response to that motion. Any extension beyond that time would be excessive under the circumstances.

                                    Respectfully submitted,

                                    HANCOCK ESTABROOK, LLP

                                    *s/John G. Powers*

                                    John G. Powers

JGP/

{H3410561.1}



## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2018, I electronically filed the foregoing with the Clerk of Court, to be served on all parties of record via the CM/ECF system.

                    By:    *s/ John G. Powers*
                              John G. Powers

{H3410561.1}