1099 NEW YORK AVENUE, NW SUITE 900 WASHINGTON, DC 20001-4412

JENNER&BLOCK LLP

August 29, 2018

David W. DeBruin
Tel +1 202 639 6015
Ddebruin@jenner.com

Hon. Frederick J. Scullin
United States District Judge
Federal Building and U.S. Courthouse
100 South Clinton Street
P.O. Box 7255
Syracuse, NY 13261-7345

**VIA ECF**

Re:   *John Doe, et al. v. Syracuse University, et al.* (No. 5:18-cv-496 (FJS/DEP))

Dear Judge Scullin:

Defendants submit this reply letter in support of their letter request that the Court sign the TRO submitted by Defendants as part of their Order to Show Cause.

The facts as they stand now, and as further developed during the hearing before Magistrate Judge Peebles, are straightforward: Plaintiffs chose to file this lawsuit, in this Court, on April 24, 2018, seeking a permanent injunction that would "[r]estor[e] Plaintiffs to their pre-existing good academic standing," ECF No. 42 at 37. Plaintiffs would only be entitled to this remedy were this Court to determine that the University violated federal or state law in finding Plaintiffs' conduct in violation of the University's Code of Student Conduct ("Code"). On June 28, 2018, this Court denied Plaintiffs' request for a preliminary injunction seeking removal of notations from the Plaintiffs' record. *See* ECF No. 24 at 12. Having received this unfavorable ruling, on August 10, 2018, Plaintiffs filed an Article 78 claim in Supreme Court of the County of Jefferson in the State of New York, asking the state court to "vacat[e] and annul[] the final [disciplinary] determinations made by Respondent, SYRACUSE UNIVERSITY," ECF No. 48-2 at 47—a request that would of course result in exactly the same relief they sought in this Court. And, on August 27, 2018, after this case had been pending for over four months, Defendants filed an answer.

So understood, Plaintiffs' claims that the relief Defendants seek "is both extraordinary and impermissible" and that Defendants' exercise of their right to file an answer in this case is "sanctionable," are frivolous. ECF No. 56 at 1.

*First*, Plaintiffs do not deny—nor could they—that they could have brought their Article 78 claims in this Court once the University issued its final disciplinary decisions. That "this Court lacks subject matter over the claims of the three non-diverse Article 78 petitioners," ECF No. 56

August 29, 2018
Page 2

at 1, is entirely irrelevant given that Defendants' here only seek to enjoin the *federal* plaintiffs from enforcing the remedies they sought by bringing a duplicative lawsuit in state court having been denied the relief they sought by this Court. Indeed, entirely absent from Plaintiffs' pleadings is *any* claim that they could not have sought all the relief they now seek in this Court in state court had they chosen to pursue this entire action there. Plaintiffs chose, however, to bring and litigate this action here and simply because they now believe they have a greater chance of success in state court is not a valid reason for pursuing entirely duplicative litigation.

Plaintiffs have thus engaged in an archetypal example of forum shopping: bringing a lawsuit in a second court as a result of having been denied relief in their first chosen forum. And, the adverse consequences of Judge McClusky's grant of a TRO in the state case are far from theoretical. As a result of that order, at least two Plaintiffs are currently enrolled in classes at the University notwithstanding the University's determination that they committed serious violations of the Code—a determination this Court has yet to set aside. The University has previously demonstrated to the Court how readmission of these students, at this stage, will cause it irreparable harm. *See* ECF No. 48-4, ¶¶ 16-21. Indeed, it is in the interests of all parties that this issue be resolved immediately, and not that Plaintiffs be admitted to class, and then subsequently removed once more.

Moreover, readmission now is irreconcilable with this Court's determination that Plaintiffs *have not* shown a likelihood of success on the merits on their claim that the University's placement of notations on their transcripts was improper. That Judge McClusky may believe this matter should be consolidated in his court—notwithstanding that this case has been pending before this Court for over four months and has been extensively litigated—is irrelevant, and certainly not binding on this Court. Thus, Defendants' request does indeed implicate "serious questions of federalism [and] comity," ECF No. 56 at 1, namely *this* Court's prerogative not to have its judgments effectively overruled by a state court in a later-filed action. That is precisely what the All Writs Act, read in tandem with the Anti-Injunction Act, protects against.

*Second*, the Plaintiffs' claim that Defendants have taken a "sanctionable" action by exercising their undisputed right to file an answer in this matter is frivolous to the extreme. If Plaintiffs had wanted to voluntarily dismiss this action they had from April 24, 2018 until August 27, 2018 to do so. They chose not to. That voluntarily dismissal is no longer open to Plaintiffs because Defendants have taken the entirely procedurally proper action of filing an answer is a result of own their choices over a four-month period, not any sanctionable conduct by Defendants.

For these reasons, Defendants respectfully request that the TRO be granted pending the hearing on their Order to Show Cause on September 5, 2018.

August 29, 2018
Page 3



Respectfully submitted,

/s David W. DeBruin
David W. DeBruin