

250 South Clinton Street, Suite 600
Syracuse, New York 13202

Telephone 315-474-2911
Facsimile 315-474-6015

*With Offices in*
*Syracuse | Buffalo | Long Island*

**Karen G. Felter**
Partner
kfelter@smithsovik.com

August 29, 2018

**VIA ECF**

Hon. Frederick J. Scullin
United States District Judge
Federal Building and U.S. Courthouse
100 South Clinton Street
P. O. Box 7255
Syracuse, NY  13261-7345

      Re:    *Doe v. Syracuse University, et al*
              Civil Action No.:  5:18-CV-00496 [FJS-DEP]

Dear Judge Scullin:

      Plaintiffs are preparing additional papers in opposition to the motion for temporary and preliminary injunctive relief filed by Defendants (Dkt. # 48) which are due by tomorrow in accordance with the briefing schedule entered by Judge Peebles. (Dkt. #54). However, I write to refute some glaring misstatements in the letter brief filed by defense counsel today in further support of defendants' letter request that the Court sign their requested TRO prior to September 5, 2018. (Dkt. #57).

## INTRODUCTION

      Plaintiffs have not engaged in improper "forum shopping."  Rather, petitioners commenced the Article 78 proceeding in a court with unquestioned jurisdiction to hear it to avoid a lengthy jurisdictional dispute in the short weeks between filing of the action and the start of classes.[1]  Moreover, it was ***procedurally impossible*** for the non-diverse petitioners to obtain Article 78 relief from this Court. The existence of the pending Federal Action did not ***require*** petitioners to file the Article 78 claims here and this Court has no authority to force the petitioners to re-file the Article 78 claims in federal court. Nor can this Court preclude plaintiffs in this case who are also petitioners in the state case from pursuing any and all available remedies in the Article 78 proceeding. Finally, defendants cannot corral plaintiffs into litigating their Article 78 claims in this Court because they prefer to defend their unlawful actions here.

---

[1] If plaintiffs had amended the Federal Action to include Article 78 claims and a request for a stay of the disciplinary action, including suspensions, so they could return to campus, defendants would have opposed that request for relief or moved to dismiss the amended complaint ***on the basis that this Court lacks jurisdiction*** to award such relief or should not do so.

Smith Sovik Kendrick & Sugnet P.C.

August 29, 2018
Page 2

## DISCUSSION

"Article 78 is not in and of itself a cause of action, but a procedure best suited for state courts." *DeJesus v. City of New York*, 2012 WL 569176, at * 4 (S.D.N.Y. Feb. 21, 2012). Indeed, a Judge in this District opined that there was "nearly unanimous" agreement that New York's district courts lack subject matter jurisdiction over Article 78 proceedings, *Kent v. New York*, 2012 WL 6024998 (N.D.N.Y. Dec. 4, 2012). And even though it has not decided whether Article 78 ***deprives*** district courts of jurisdiction, the Second Circuit has stated courts should ***decline*** to exercise jurisdiction over Article 78 proceedings even if they have theoretical authority to hear these claims. *See Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 155 (2d Cir. 2013) (citing *Davidson v. Capuano*, 792 F.2d 275, 280 (2d Cir. 1986) ("Article 78 reflects a state preference for a state mode of procedure that 'is designed to facilitate a summary disposition of the issues presented ... and has been described as a fast and cheap way to implement a right that is as plenary as an action, culminating in a judgment, but is brought on with the ease, speed and inexpensiveness of a mere motion.' ").

Plaintiffs filed this action for breach of contract and defamation initially to obtain injunctive relief because they had been improperly placed in a temporary "quasi-suspension" status just weeks before the end of the semester, which precluded them from attending classes, review classes, exams and meetings with professors on campus. (Dkt. # 1, pp. 2-3, 27). Whether the breach of contract and defamation claims were brought in federal or state court, a demand for injunctive relief was a ***pre-requisite*** for a TRO or preliminary injunction. Thus, the claim for injunctive relief was required to obtain the emergency intervention initially sought by plaintiffs.

At the time this action was commenced, the University had not issued final disciplinary determinations. Thus, no Article 78 claims could have been raised. While plaintiffs' claims for breach of contract and defamation could have been brought in state court, plaintiffs chose a federal forum. We initially believed this Court might have supplemental jurisdiction over future Article 78 claims based on the ***federal*** due process claim that was originally pled. When the complaint was subsequently amended, we determined that the federal due process claim was subject to dismissal as duplicative of the claims that would be available to plaintiffs via Article 78. Consequently, the federal claim was dropped. (Dkt. #'s 14-12, 26).

Plaintiffs sought leave to amend their complaint in June 2018, to include a claim that defendants breached their own policies and procedures by holding the students' transcripts and prematurely marking them before conclusion of the appeal process which was interfering with their right to transfer. (Dkt. # 14; 14-12, pp. 4, 31). Again, a request for injunctive relief in the action was required to be included in the pleading to obtain a TRO and preliminary injunction.[2] Plaintiffs asked this Court to force the

---

[2] The Second Amended Complaint retained the request that plaintiffs be restored to their previous status of good academic standing. It also requested an injunction: 1) Lifting any holds placed on Plaintiffs' transcripts as a result of the disciplinary process; 2) Allowing Plaintiffs to obtain official transcripts without any disciplinary notations; and 3) Prohibiting Defendants

Smith Sovik Kendrick & Sugnet P.C.

August 29, 2018
Page 3

University to release unmarked transcripts pending affirmance of disciplinary determinations by the Appeals Board. (Dkt. # 14). The Court's denial of the TRO and preliminary injunction was *not* a determination of the Federal Action on its merits. Not only did this Court decline to reach a determination on the merits of the limited issue whether defendants breached any contractual provision by prematurely marking transcripts, the Court *did not even consider* the substance of plaintiffs' remaining contract or defamation claims. (Dkt. # 24).

Contrary to defense counsel's misstatements, the commencement of the Article 78 proceeding in Jefferson County Supreme Court *more than 6 weeks* after this Court denied the injunction on the transcript issue had nothing to do with this Court's ruling. Instead, petitioners properly filed the Article 78 proceeding after a nearly seven week delay by the University in issuing appeal decisions. It is blatantly untrue for defense counsel to contend plaintiffs have "never den[ied]" this Court's lack of jurisdiction over their Article 78 claims. We have repeatedly stated this Court had and has no jurisdiction to review the pending Article 78 claims. And it is hardly "irrelevant" that this Court would also lack subject matter jurisdiction over the state claims of three non-diverse petitioners in the Jefferson County case.

To avoid: 1) filing two Article 78 actions; and 2) prompting a jurisdictional dispute over the Court's authority to issue a stay, which would *only have delayed* the ability of plaintiffs/petitioners to return to school for the Fall 2018 semester, petitioners filed the Article 78 case in state court *as was their right*. And we chose Jefferson County because it was the furthest permissible geographical venue from the situs of continued media hysteria over this case. It is beyond speculative for defense counsel to aver that we "now believe we have a greater chance of success in state court." There has been *no adverse determination* made by this Court on the merits of the Second Amended Complaint. Moreover, this Court's "judgments" are not in danger of being overruled by Judge McClusky because this Court has issued *no judgments*. The Court's decision on the injunction motion is not a determination that plaintiffs can't recover compensatory and punitive damages from defendants for their breach of contract or defamatory comments.

Moreover, Judge McClusky's determination that petitioners are entitled to a prohibitory injunction – a stay of disciplinary action pending review of their Article 78 claims - is not a reversal or challenge to this Court's earlier refusal to order mandatory injunctive relief while the University completed the administrative appeals process. First of all, the request for a temporary injunction to remove premature notations from plaintiffs' transcripts and force the University to release them unmarked was intended to cover the interim between issuance of disciplinary decisions and final appeals. Secondly, removal of premature disciplinary notations from transcripts is *entirely distinct* from the

---

from otherwise impeding Plaintiffs' rights to transfer to other institutions. Indeed, if this Court ultimately concludes that disciplining plaintiffs for baseless Code of Conduct violations constitutes breach of contract, plaintiffs would request *removal of the notation* of disciplinary action from their transcripts.

{S0850747.1}

Smith Sovik Kendrick & Sugnet P.C.

August 29, 2018
Page 4

demand in the Article 78 proceeding to *reverse and expunge* the actual disciplinary determinations themselves.

## CONCLUSION

Plaintiffs have never suggested that Judge McClusky's request that the parties consolidate the two actions in Jefferson County or this Court was *binding* on the Northern District of New York. But it should be considered and respected by the parties and attorneys appearing before Judge McClusky. Indeed, the Judge's directive was prompted by arguments from defense counsel that the two cases should not be litigated in two different forums. In response to the offer made by us to implement Judge McClusky's request, defense counsel acted to *prevent* the two actions from being transferred/joined by filing an answer to the Second Amended Complaint. At this point, plaintiffs cannot voluntarily withdraw their breach of contract and defamation claims without prejudice and the Article 78 case cannot be heard here. Thus, if any party is "forum shopping," it is defendants, who are throwing up road blocks to force plaintiffs to litigate their Article 78 claims in federal court. There is simply no legal authority to require plaintiffs to do so.

Consequently, plaintiffs request that the Court decline to sign defendants' requested TRO in advance of the hearing on September 5, 2018.

Respectfully,

*[signature]*

Karen G. Felter

Cc:   All Counsel of Record via ECF

{S0850747.1}