UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, JOHN DOE #7, JOHN DOE #8, and JOHN DOE #9,

            Plaintiffs,

v.

SYRACUSE UNIVERSITY, KENT SYVERUD, individually and as Chancellor of Syracuse University, ROBERT HRADSKY, individually and as Syracuse University Dean of Students and Associate Vice President of the Student Experience, and TERESA ABI-NADER DAHLBERG, individually and as the Dean of the College of Engineering and Computer Science,

            Defendants.

Case No.:   5:18-cv-496 (FJS/DEP)

**MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P. 41(a)(2)
SEEKING VOLUNTARY DISMISSAL WITHOUT PREJUDICE**

{S0851432.1}

# TABLE OF AUTHORITIES

*Cases*

*Am. Fed. of State, Cty. & Municipal Emp'ees Dist. Council 37 Health and Sec. Plan v. Pfizer, Inc.*, 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013) .......................................... 10

*Anderson v. United States*, 2012 WL 2571271, at *1 (N.D.N.Y. 2012) ........................... 3, 13, 14

*Banco Central de Paraguay v. Paraguay Humanitarian Foundation, Inc.*, 2006 WL 3456521, at *6 (S.D.N.Y. Nov. 30, 2006) .......................................................... 6

*Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 68 (N.D.N.Y. 2002) ............................... 4

*Brown v. Cty. of Madison*, 2015 WL 5750050, at *4 (N.D.N.Y. 2015) ..................... 5, 10, 11, 12

*Catazano v. Wing*, 277 F.3d 99, 110 (2d Cir. 2001) ............................................................ 14

*D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) ................................... 3, 11

*E. End Eruv Ass'n, Inc. v. Town of Southampton*, 2014 WL 4826226, at *17–21 (E.D.N.Y. Sept. 24, 2014) ................................................................................... 13

*Galin v. Chassin*, 217 A.D.2d 446, 447 (1st Dep't 1995) ......................................................... 7

*Gap, Inc. v. Stone Int'l Trading*, 169 F.R.D. 584, 588 (S.D.N.Y.1997) ..................................... 3

*Global One Comm'ns World Holdings, B.V. v. Gaul*, 2008 WL 2783429, at *1 (N.D.N.Y. July 16, 2008) ........................................................................................... 6

*Hinfin Realty Corp. v. Pittson*, 206 F.R.D. 350, 355–56 (E.D.N.Y. 2008) ............................... 5

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 45 U.S. 694, 702 (1982) ............................................................................................... 13

*Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997) ............................................................................................ 6

*Jones v. SEC*, 298 U.S. 1, 9 (1936) ..................................................................................... 3, 11

*Karker v. Tougher Industs., Inc.*, 2013 WL 316389, at *1 (N.D.N.Y. Jan. 28, 2013) ............... 3

*Kwan v. Schein*, 634 F.3d 224, 230 (2d Cir. 2011) ................................................................... 4

*Lutts v. Smithkline Clinical Laboratories, Inc.*, 1999 WL 102749, at *2 (N.D.N.Y. 1999) ..... 4, 11

*Morehouse v. York*, 2016 WL 94252, at *2 (N.D.N.Y. Jan. 7, 2016) ................................... 5, 9

*Morgan v. Town of DeWitt*, 2013 WL 5217947, at *2 (N.D.N.Y. Sept. 16, 2013) ............. 5, 11, 12

*Plummer v. Cty. of Warren*, 2014 WL 2534975, at *5 (N.D.N.Y. June 5, 2014) .......................... 12

*Schachter v. Tomaselli*, 105 A.D.2d 779, 780 (2d Dep't 1984) ....................................................... 7

*Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 2008 WL 4127549, at *5 (S.D.N.Y. Sept. 2, 2008) ................................................................................................. 5

*Staten Island Terminal, LLC v. Elberg*, 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012) ....... 3

*Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990) ................................................ 3, 4, 9, 10, 11

Plaintiffs, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, JOHN DOE #7, JOHN DOE #8, and JOHN DOE #9, by and through their attorneys, Smith, Sovik, Kendrick & Sugnet, P.C., submit this Memorandum of Law in support of their motion to voluntarily dismiss this Action without prejudice.

## PRELIMINARY STATEMENT

Seven of the nine Plaintiffs in this case have commenced an action utilizing a specialized, expedited state-law procedure with no federal analogue—Article 78 of the New York Civil Practice Law and Rules—to undo the unlawful disciplinary determinations rendered by Defendant/Respondent, Syracuse University, which have resulted in indefinite suspensions of at least one to two years. Now that the Article 78 proceeding is properly pending in state court, Plaintiffs agree with Defendants' contention and the concerns of Supreme Court in Jefferson County that this action and the Article 78 proceeding should be litigated in one forum. Thus, Plaintiffs' goal is to voluntarily dismiss this action and refile it in state court so they and the non-Plaintiff Article 78 petitioners can litigate all their claims—for damages and equitable relief—in a court that has unquestionable subject-matter jurisdiction over the entire dispute.

Defendant/Respondent, Syracuse University, has thwarted Plaintiffs' ability to achieve that goal by doing an end run around a proposal to stipulate to refile this action and the pending motion to dismiss in Jefferson County upon service of a Notice under Fed. R. Civ. P. 41. (Dkt. # 47). The actions of the Defendant/Respondent University show that while it claims to be concerned about Plaintiffs' purported "forum shopping," it is really only interested in defending its unlawful actions in one place - this Court. Ironically, Defense counsel has repeatedly stated that Plaintiffs have the right to choose their forum, while doing everything possible to denying them that right. Plaintiffs chose state court to litigate their Article 78 claims out of concern regarding subject-

{S0851432.1}

2

matter jurisdiction and the inability to obtain the speedy and efficient resolution offered by the N.Y. C.P.L.R.

To defend against Defendants' unwarranted and legally unsupported efforts to force Plaintiffs to litigate their administrative review claims here, Plaintiffs have brought the present motion seeking Court leave for a voluntary discontinuance without prejudice. Each of the five factors set forth in *Zagano v. Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990), favors an Order permitting voluntary dismissal of this case without prejudice: 1) Plaintiffs have diligently sought dismissal of this action; 2) Plaintiffs have acted in in good faith; 3) This case is in its infancy (i.e., discovery has not even opened); 4) There will be little, if any, duplication of expense if the action is relitigated elsewhere; and 5) Plaintiffs have legitimate concerns about jurisdiction in this Court, and should not be forced to waive their right to use a specialized, expedited state-law procedure to review the University's improper disciplinary determinations.

## ARGUMENT

"Although voluntary dismissal without prejudice is not a matter of right, ***courts in this circuit presume that a party's motion to dismiss its own claims without prejudice should be granted.***" *Anderson v. United States*, 2012 WL 2571271, at *1 (N.D.N.Y. 2012) (quoting *Staten Island Terminal, LLC v. Elberg*, 2012 WL 1887126, at *3 (E.D.N.Y. May 23, 2012)); *Karker v. Tougher Industs., Inc.*, 2013 WL 316389, at *1 (N.D.N.Y. Jan. 28, 2013) (same); *accord Gap, Inc. v. Stone Int'l Trading*, 169 F.R.D. 584, 588 (S.D.N.Y.1997). "***The United States Supreme Court recognized long ago that starting a litigation all over again does not constitute legal prejudice.***" *D'Alto v. Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996) (quoting *Jones v. SEC*, 298 U.S. 1, 9 (1936)); *Lutts v. Smithkline Clinical Laboratories, Inc.*, 1999 WL 102749, at *2

(N.D.N.Y. 1999) ("[T]he fact that a defendant will likely be required to defend a second action has been found to be insufficient reason to deny a dismissal.").

### GIVEN THE EARLY POSTURE OF THIS ACTION, PLAINTIFFS' GOOD FAITH IN COMMENCING THIS ACTION, AND THE ABILITY TO SEEK COMPLETE RELIEF ELSEWHERE, THIS COURT SHOULD DISMISS THIS ACTION

"Where all parties to pending litigation agree to discontinue the action, they may do so without an order of the court." *Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 68 (N.D.N.Y. 2002). But "[w]here, as here, the parties cannot agree on the termination of the action, a court order is necessary." *Id.* In such situations, the Second Circuit has identified five factors that a Court should consider when determining whether to grant a voluntary dismissal without prejudice:

[1] the plaintiff's diligence in bringing the motion;
[2] any 'undue vexatiousness' on plaintiff's part;
[3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial;
[4] the duplicative expense of relitigation; and
[5] the adequacy of plaintiff's explanation for the need to dismiss.

*Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990) (citations omitted). "These factors are not necessarily exhaustive and no one of them, singly or in combination with another, is dispositive." *Kwan v. Schein*, 634 F.3d 224, 230 (2d Cir. 2011).

### A. Plaintiffs Have Been Diligent in Bringing this Motion

Plaintiffs have made this motion four months after commencing this action, less than three weeks after commencing a related state court Article 78 proceeding based on defendant Syracuse University's issuance of final disciplinary determinations on July 26, 2018, and three days after defendants filed an Answer to the complaint which precluded Plaintiffs from voluntarily discontinuing without a court order. "When analyzing whether a party was diligent or not in bringing a motion, courts have focused on whether or not the moving party encouraged the non-moving party to continue discovery without any intention of pursuing its claims." *Morehouse v.*

{S0851432.1}                                4

*York*, 2016 WL 94252, at *2 (N.D.N.Y. Jan. 7, 2016) (quoting *Shaw Family Archives, Ltd. v. CMG Worldwide, Inc.*, 2008 WL 4127549, at *5 (S.D.N.Y. Sept. 2, 2008). There are two timelines that must be considered when determining if a Plaintiff has been diligent in seeking voluntary dismissal. First, a Court must consider "the length of time an action has been pending." *Id.* Second, a Court must consider whether Plaintiffs diligently sought relief "after the events that led to their decision not to pursue the action at this time." *Hinfin Realty Corp. v. Pittson*, 206 F.R.D. 350, 355–56 (E.D.N.Y. 2008). Under both timelines, Plaintiffs have been diligent.

First, when considering the length of time this action has been pending, Plaintiffs have diligently sought voluntary dismissal. This Action was commenced just over four months ago, on April 24, 2018. Dkt. #1. In *Morehouse*, where an action was pending for eleven months (almost three times as long), this Court determined that a Plaintiff was diligent in seeking a voluntary dismissal and granted it without prejudice. *Morehouse*, 2016 WL 94252, at *2. And, in *Morgan v. Town of DeWitt*, 2013 WL 5217947, at *2 (N.D.N.Y. Sept. 16, 2013), where an action was pending for over a year, this Court found a Plaintiff was diligent in seeking a voluntary dismissal.

Second, when considering the length of time since the event precipitating this motion—the final appeal determinations rendered by the defendant University, which made an Article 78 proceeding ripe for adjudication in state court—Plaintiffs have diligently sought voluntary dismissal. The University issued its final determinations on July 26, 2018. Just forty days later, Plaintiffs seek a voluntary dismissal. In *Brown v. Cty. of Madison*, 2015 WL 5750050, at *4 (N.D.N.Y. 2015), this Court found that a period of a few months between the event precipitating the motion to voluntarily dismiss and the plaintiff's filing of that motion implied diligence. And in *Morgan*, 2013 WL 5217947, at *2, as here, the time period between the event precipitating the motion and filing of the motion was a few weeks which this Court deemed diligent.

Finally, it was only four days ago that Defendants' thwarted Plaintiffs' announced plan to dismiss this action voluntarily and refile it, along with the pending motion to dismiss, in state court. Despite an open—and unresponded to—request to consent to have the money damages claims heard in front of Supreme Court, Jefferson County after this Action was voluntarily dismissed, Defendants' filed an Answer, which precipitated Plaintiffs alternative strategy, presented here, to obtain voluntary dismissal without prejudice which Plaintiffs have swiftly implemented.

Based on Plaintiffs' efforts to act as quickly as possible to file the present motion, this factor cuts in favor of a voluntary dismissal without prejudice.

### B. Plaintiffs Have Acted in Good Faith

"'Undue vexatiousness' requires a finding of 'ill-motive.'" *Banco Central de Paraguay v. Paraguay Humanitarian Foundation, Inc.*, 2006 WL 3456521, at *6 (S.D.N.Y. Nov. 30, 2006) (quoting *Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, 1997 WL 582823, at *3 (S.D.N.Y. Sept. 19, 1997)). Thus, if a court "finds that the lawsuit was filed in good faith, and that the legal arguments and litigation strategies employed by [Plaintiffs] were ***neither malicious, nor frivolous, nor otherwise improper***," then this factor favors dismissal. *Global One Comm'ns World Holdings, B.V. v. Gaul*, 2008 WL 2783429, at *1 (N.D.N.Y. July 16, 2008) (emphasis added). There is nothing to suggest undue vexatiousness here.

To the contrary, the actions taken by Plaintiffs show a good faith effort to obtain relief in this Court. Plaintiffs commenced this Action in order to seek injunctive relief from an unauthorized quasi-suspension—imposed by Defendants in the critical final weeks of the Spring 2018 semester—*see* Dkt. # 2 (emergency motion filed one day after commencement). Thus, Plaintiffs sought judicial intervention to reverse the University's improper quasi-suspension and restore the Plaintiffs to their pre-quasi-suspension status. *Galin v. Chassin*, 217 A.D.2d 446, 447

(1st Dep't 1995) ("Thus, as a general principle, absent extraordinary circumstances, courts are constrained not to interject themselves into ongoing administrative proceedings [pursuant to Article 78] until final resolution of those proceedings before the agency."); *Schachter v. Tomaselli*, 105 A.D.2d 779, 780 (2d Dep't 1984) (same). Ultimately, the University agreed to make alternative arrangements for the students to take exams and finish the semester which resulted in withdrawal of Plaintiffs' request for a preliminary injunction. *See* Dkt. # 7.

During the period between the University's Conduct Board ("UCB") decisions, rendered on June 5, 2018, and the University's Appeal Board ("UAB") decisions, rendered on July 26, 2018, the University improperly held Plaintiffs' transcripts and then marked them prematurely with the notations of the disciplinary determinations which were still being challenged on appeal by the students. *See* Dkt. # 14. While the Plaintiffs sought injunctive relief to force the University to lift its unwarranted holds and release unmarked transcripts, there was no final administrative action to challenge by way of Article 78. Dkt. # 14; *Galin*, 217 A.D.2d at 447; *Schachter*, 105 A.D.2d at 780. This Court's decision denying Plaintiffs' request for preliminary injunctive relief on the transcript issue did not deem Plaintiffs' motion frivolous. Dkt. # 24. To the contrary, after supplemental briefing, this Court's decision was based solely on whether the heightened standard for mandatory injunctions was met. Text Order re: Minute Entry for 6/21/18 Motion Hearing. ("The Court directs further briefing as to which standard should be applied (prohibitory or mandatory); the public interest and the status quo."); Dkt. #s 21 & 22 (supplemental briefing); Dkt. # 24 (order denying relief). This Court neither adjudicated the merits of the limited contractual claim regarding premature marking of transcripts, nor made any determination on Plaintiffs' remaining breach of contract or defamation claims.

On July 26, 2018, the University's UAB finally rendered appeal decisions after a nearly seven week delay, which gave standing to Plaintiffs and others to file an Article 78 proceeding for reversal and expungement of the unlawful disciplinary action. Contrary to defense counsel's repeated misstatements, Plaintiffs ***never committed*** to add the Article 78 claims to the Federal Action; indeed, counsel for Defendants expressly ***admitted*** to Plaintiffs' counsel that no such representation had ever been made just days before once again misleading this Court by saying Plaintiffs affirmatively promised to bring their Article 78 claims here. Dkt. # 61.[1]

Thus, on August 3, 2018, Plaintiffs filed and served the Second Amended Complaint, which supplemented the previous allegations to include claims for additional money damages based on entry of the unsupported UAB decisions, but ***did not*** seek relief under Article 78. Dkt. # 42.

On August 13, 2018, seven of the nine John Doe Plaintiffs, along with three petitioners who are residents of New York and were ineligible to be Plaintiffs in this case, filed an Article 78 proceeding in Supreme Court, Jefferson County seeking to overturn the University's UAB decisions (the "Article 78 proceeding"). For the first time in any court, petitioners in the Article 78 proceeding requested that the UAB determinations be "vacated and annulled" and asked for a stay of all disciplinary action, including suspensions, pending a final resolution of that proceeding. Dkt. # 51, Exh. D, p. 47.

On August 22, 2018, during oral argument in Jefferson County on petitioners' stay request, the court expressed its preference that the parties consolidate the Article 78 proceeding and the

---

[1] Further, given the serious doubt regarding this Court's ability to adjudicate an Article 78 proceeding, there is no reason why Plaintiffs would have made such a representation, which would subject their entire case to the uncertainty that subject-matter jurisdiction never existed in this Action as to the Article 78 claims. *See infra*, pp. 13-14.

claims in the Federal Action in one forum after defense counsel complained about the potential for inconsistent decisions before it regarding the common Plaintiffs/Petitioners; accordingly, it directed the parties there to try to bring all claims before one court. At that time, counsel for Respondent, Syracuse University, appeared to agree, suggesting that Petitioners' counsel "*add [the three non-diverse Petitioners] to the federal court action . . . and ten that case obviously gets remanded to state court and . . . you avoid all these problems* that we're having here which are, you're being asked to litigate the same issues." Dkt. # 61-1.

Since the August 22, 2018, appearance in Jefferson County, Plaintiffs have acted in furtherance of dismissing/refiling/transferring and/or joining all of their claims in one state court forum. Defendants' efforts to thwart this proper strategy, Dkt. # 47, and reject the authority of the state court to hear Petitioners' case[2] have necessitated the present motion. The absence of any evidence of bad faith on the part of Plaintiffs in making the present motion tips this factor in favor of voluntary dismissal without prejudice. The only party that is acting in good faith here is Respondent/Defendant, Syracuse University.

### C. This Action has Not Proceeded to an Advanced Stage, So a Voluntary Dismissal Without Prejudice is Viable

"Generally, [the third *Zagano*] factor weighs against dismissal without prejudice only if the case has progressed to an advanced stage, such as the eve of trial or when discovery is complete and partial dispositive motions have been adjudicated." *Morehouse*, 2016 WL 94252, at *2 (internal citations omitted). Even where "fairly significant documentary discovery has been

---

[2] While it claims a desire to litigate its claims in one forum, the University chose to file an Order to Show Cause seeking leave to reargue and/or file an immediate appeal and stay of the Supreme Court's order. *See* Felter Declaration, Exhibit **"A"** (Order to Show Cause). This action was taken after the University previously moved to dismiss the Article 78 proceeding. Thus, the University is actively litigating the state court case which it claims should be resolved here.

{S0851432.1}   9

exchanged, witnesses have been deposed, the parties have engaged in some motion practice," this Court has found that the third factor can weigh in favor of dismissal. *Brown*, 2015 WL 5750050, at *5.

*Am. Fed. of State, Cty. & Municipal Emp'ees Dist. Council 37 Health and Sec. Plan v. Pfizer, Inc.*, 2013 WL 2391713, at *4 (S.D.N.Y. June 3, 2013), is instructive on this point. There, a defendant argued that a case had progressed to an advanced stage because it had filed a Rule 12(c) motion for judgment on the pleadings. The Southern District squarely held otherwise: "[t]o the contrary, the case is at a very early stage—a motion on the pleadings—and the litigation started less than a year ago." *Am. Fed. of State, Cty. & Municipal Emp'ees*, 2013 WL 2391713, at *4. Notably, the Southern District observed, ***"but for the fact that [Defendant] filed its Answer" while making a motion to dismiss, "Plaintiffs would have been able to voluntarily dismiss its complaint as a matter of right*** under Rule 41(a)(1)(A)(i)" which vitiated any "significant prejudice to [Defendant] under this *Zagano* factor." *Id.*

This action is in its earliest phases. Defendants have sought, and been granted, three extensions of time to answer the operative pleadings. Dkt. #s 10 & 11; 12 & 13; 26 & 27. No Case Management Plan has been filed and no initial disclosures have been made. Fed. R. Civ. P. 16; 26 (a) (1); 26 (f). No discovery has been exchanged. A motion to dismiss the Complaint has been made pursuant to Fed. R. Civ. P. 12 (b) (6), but this fact alone does not alter the status of this action which is still in its infancy. *Am. Fed. of State, Cty. & Municipal Emp'ees*, 2013 WL 2391713, at *4.

As a result, this factor cuts in favor of a voluntary dismissal without prejudice.

### D. There is Little Duplicative Expense that is Likely to Result from Dismissing this Action Without Prejudice

The fourth *Zagano* factor, whether expenses would be duplicated if an action was discontinued and another action was subsequently commenced, is closely related to the third factor. Thus, it is well established that where "Defendants have filed only an Answer and a Motion to Dismiss, which likely could be reused in large part if Plaintiff refiled her action," the fourth factor favors dismissal. *Morgan*, 2013 WL 5217947, at *2. "[T]he mere fact that [a defendant] may have to continue to defend against the claims . . . in a second action . . . is insufficient.") *Brown*, 2015 WL 5750050, at *6; *D'Alto*, 100 F.3d at 283 (quoting *Jones*, 298 U.S. at 9); *Lutts*, 1999 WL 102749, at *2 (N.D.N.Y. 1999).

Dismissing this action without prejudice will not result in duplicative expenses; instead, as Defendants' conduct in the past eight days establishes, it will result in cost savings. Ever since Respondent/Defendant Syracuse University claimed it would be prejudiced by litigating in two forums, it has done nothing but prevent joinder of the two actions and pit each court against the other by filing competing Orders to Show Cause. Indeed, while spuriously accusing Plaintiffs of "forum shopping," Respondent/Defendant, Syracuse University, has taken drastic and legally unsupportable steps to delay efficient resolution of these disputes and has dramatically increased litigation expenses for both sides.

Dismissing this action without prejudice will achieve the "single forum" end Defendants purportedly want in this case and allow Jefferson County to adjudicate all pending claims.[3] Dkt.

---

[3] If the actions were both commenced in state court, the remedy of joint pre-trial proceedings is available as between two actions pending in New York State Supreme Court. *See* C.P.L.R. 602(b) ("Cases pending in different courts. Where an action is pending in the supreme court it may, upon motion, remove to itself an action pending in another court and consolidate it or have it tried together with that in the supreme court.")

# 61-2, p. 13:5–13:11; *id.* at p. 22:9–22:17 ("[T]hat's a very real problem which I would respectfully suggest needs to be addressed. . . . [I]t's not fair to the University to have to defend the same issues in different courts."). To the extent Defendants argue that they incurred the expense of defending TRO and preliminary injunction motions, these were preliminary proceedings. Moreover, this Court has already held that filing an answer or a motion to dismiss is sufficient to tip this factor in favor of a litigant who objects to voluntarily dismissal. *See e.g.*, *Morgan*, 2013 WL 5217947, at *2; *Brown*, 2015 WL 5750050, at *6.

As a result, this factor cuts in favor of a voluntary dismissal without prejudice.

### E. Plaintiffs Are Entitled to Litigate Their Breach of Contract and Defamation Claims together with the Article 78 claims in a Forum of Their Choice, Which has UnquestionedSubject-Matter and Personal Jurisdiction over the Entire Dispute

Plaintiffs have four compelling reasons for granting a voluntary dismissal without prejudice:

First, Plaintiffs agree with Defendants and Jefferson County Supreme Court that all of their claims should be litigated in one forum to avoid inconsistent results. Plaintiffs' initial decision to commence this action and seek preliminary injunctive relief does not bind them to federal court forever. Instead, because the nature of the Article 78 special proceeding necessarily dictates that it will proceed far quicker in state court than a plenary action in federal court, Plaintiffs have a legitimate interest in litigating all their claims there.

Second, if the case remains in federal court, the specter of subject-matter jurisdiction problems—a non-waivable, non-consentable impediment to a decision on the merits that can be raised at any time by any party or by any court sua sponte—will cloud the Article 78 proceeding. *Plummer v. Cty. of Warren*, 2014 WL 2534975, at *5 (N.D.N.Y. June 5, 2014) ("[This Court] has ***no original or supplemental subject matter jurisdiction*** over [an] Article 78 proceeding as neither

federal nor New York state law empower the federal courts to consider such claims, and, under New York law, authority to grant relief pursuant to an Article 78 proceeding is exclusively vested in New York Supreme Court."); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 45 U.S. 694, 702 (1982) ("The validity of an order of a federal court depends upon that court's having jurisdiction over both the subject matter and the parties."); *Id.* ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court . . . [and] *the consent of the parties is irrelevant*.").

Third, if the cases remain in two court systems, there is no meaningful way to coordinate the two actions. Instead, the only option available would be to stay this action while Plaintiffs/Petitioners proceed with their Article 78 claims. *E. End Eruv Ass'n, Inc. v. Town of Southampton*, 2014 WL 4826226, at *17–21 (E.D.N.Y. Sept. 24, 2014), is instructive. There, the Plaintiffs sought various relief, including Article 78 relief, in federal court. *E. End Eruv Ass'n*, 2014 WL 4826226, at *17. After dispensing with the notion that an Article 78 proceeding should be heard in federal court by marshalling the case law discussed above, the Court dismissed the Article 78 claims and stayed the federal court action until the Article 78 proceeding was concluded. *Id.* at *21. Thus, under *E. End Eruv Ass'n*, this action should be stayed even if the Court retains jurisdiction over the breach of contract and defamation claims.

Fourth, Plaintiffs should not be compelled to waive the unique state law special proceeding procedure merely because they seek monetary damages for injuries caused by the University's misdeeds. While Defendants correctly note that Plaintiffs had the right to choose their forum, that choice, once made, is not unequivocally binding on Plaintiffs. In *Anderson v. United States*, this Court noted "Plaintiff very clearly explains that she is seeking a dismissal of the non-federal defendants so that she may instead proceed with claims in state court" as a valid explanation of

the request for a dismissal without prejudice. *Anderson*, 2012 WL 2571271, at *2; *see also Catazano v. Wing*, 277 F.3d 99, 110 (2d Cir. 2001) ("Plaintiffs' explanation, that they have brought the motion in order to facilitate an end to the litigation but that they wish to avoid preclusive effects of the district court's ruling on this claim, is adequate.")

Thus, the fourth factor also favors voluntary dismissal without prejudice.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request an Order of this Court granting Plaintiffs a voluntary dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 41 (a)(2), and for such further relief as this Court deems fair, just, and equitable.

Dated: August 31, 2018                    **SMITH, SOVIK, KENDRICK & SUGNET, P.C.**

By: _____
Karen G. Felter, Esq.
Bar Roll No.: 508182
Kevin E. Hulslander, Esq.
Bar Roll No.: 103027
David M. Katz, Esq.
Bar Roll No.: 700065
*Attorneys for Plaintiffs*
250 South Clinton Street, Suite 600
Syracuse, New York 13202
Telephone:  (315) 474–2911
Facsimile:    (315) 474–6015
Email:         kfelter@smithsovik.com

{S0851432.1}                                    14