

250 South Clinton Street, Suite 600
Syracuse, New York 13202

Telephone 315-474-2911
Facsimile 315-474-6015

**Karen G. Felter**
Partner
kfelter@smithsovik.com

August 31, 2018

*Syracuse | Buffalo*
*Long Island | White Plains*

**VIA ECF**

Hon. Frederick J. Scullin
United States District Judge
Federal Building and U.S. Courthouse
100 South Clinton Street
P. O. Box 7255
Syracuse, NY  13261-7345

      Re:   *Doe v. Syracuse University, et al*
             Civil Action No.:  5:18-CV-00496 [FJS-DEP]

Dear Judge Scullin:

    Please accept this letter in response to the letter filed by John G. Powers dated August 31, 2018. Dkt. #64.

    First, contrary to Defendants' contention, Plaintiffs did not need to comply with Fed. R. Civ. P. 15(a)(2) because they were allowed to file the Third Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).  The Third Amended Complaint constitutes Plaintiffs' one amendment as a matter of right because the First Amended Complaint, Dkt. #26, was filed pursuant to a Text Order of this Court dated June 26, 2018 resulting from a motion to amend the Complaint.  Dkt. #23.  The Second Amended Complaint, Dkt. #42, was filed pursuant to an Order of this Court dated July 30, 2018, which approved of a stipulation allowing Plaintiffs to file the Second Amended Complaint.  Dkt. #s 35 & 36.

    As the Ninth Circuit held in *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015):

> We hold that Rule 15 provides different ways to amend a complaint, and these ways are not mutually exclusive.  ***Rule 15 is organized substantively, not chronologically***.  It does not prescribe any particular sequence for the exercise of its provisions.  That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), ***nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made***.  15(a)(2)'s phrase "in all other cases" does not indicate that it chronologically follows 15(a)(1).  Indeed, it does not even hint that there is a timing component to the operation of this Rule.  Rather, it plainly provides an alternative to the methods available under 15(a)(1).  ***Hence, we conclude that a plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2)***.

{S0852151.1}

Smith Sovik Kendrick & Sugnet P.C.
www.smithsovik.com

Smith Sovik Kendrick & Sugnet P.C.

August 31, 2018
Page 2

*Id.* at 1007 (emphasis added); *accord Azkour v. Bowery Residents' Committee, Inc.*, 2017 WL 4221456 (S.D.N.Y. Sept. 22, 2017).

Thus, Fed. R. Civ. P. 15(a)(2) is inapplicable here because Plaintiffs previous amendments were "other amendments" and not amendments as a matter of right.

Fed. R. Civ. P. 15(a)(2) states, "[a] party may amend its pleading *once as a matter of course* within . . . 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier." Plaintiffs filed their Third Amended Complaint on August 30, 2018, 20 days after Defendants' motion to dismiss the Complaint and 3 days after Defendants' first Answer in this case. Dkt. # 44 (Motion to Dismiss filed August 10, 2018), 46 (Answer filed August 27, 2018). As a result, Plaintiffs' Third Amended Complaint was timely filed under Fed. R. Civ. P. 15(a)(1)(B).

Here, Defendants are correct that Plaintiffs' filing of yesterday and today are an end run—but they are a valid procedural mechanism to defeat Defendants' efforts to prevent dismissal of Plaintiffs' claims here without prejudice. Moreover, there is no provision of Fed. R. Civ. P. 41 (or, for that matter, Fed. R. Civ. P. 15) that requires consent to file an amended complaint when a dispositive motion is pending and the party filing the amended complaint is within the Rule 15(a)(1)(B) period to amend as a matter of right. And, finally, there is nothing that precludes amendments to delete theories of recovery. *Allen v. Nat'l Video, Inc.*, 610 F. Supp. 612, 620 (S.D.N.Y. 1985) (allowing Plaintiff to delete common law theory in light of arguments that it did not exist); *accord Cox v. Indep. School Dist.*, 2000 WL 33348248, at *2 (W.D. Tex. 2000) ("An amendment subtracting an allegation should generally be permitted."); *see also id.* ("An amendment under Rule 15 is the proper vehicle through which a party may dismiss a claim against a defendant."). Rule 41 is expressly limited to "dismiss[ing] an action" not claims for relief. Fed. R. Civ. P. 41(a)(1)(A) ("the plaintiff may dismiss an *action*"); Fed. R. Civ. P. 41(a)(2) ("an *action* may be dismissed").

Thank you for your consideration in this matter.

Respectfully submitted,

Karen G. Felter

CC:   All counsel of record (**VIA CM/ECF**)

{S0852151.1}