

250 South Clinton Street, Suite 600
Syracuse, New York 13202

Telephone 315-474-2911
Facsimile 315-474-6015

**Karen G. Felter**
Partner
kfelter@smithsovik.com

August 31, 2018

*Syracuse | Buffalo*
*Long Island | White Plains*

**VIA ECF**
Frederick J. Scullin
United States District Judge
Federal Building and U.S. Courthouse
100 South Clinton Street
P. O. Box 7255
Syracuse, NY  13261-7345

   Re: *Doe v. Syracuse University, et al*
      Civil Action No.:  5:18-CV-00496 [FJS-DEP]

Dear Judge Scullin:

  Thank you for your patience and attention to this ongoing dispute.  To resolve defense counsel's concerns about the relevant provisions of the Fed. R. Civ. P. at issue here, Dkt. # 67, Plaintiffs aver the following:

  Defense counsel declined to stipulate to Plaintiffs' request to voluntarily discontinue the action and refile it, along with his motion to dismiss, in Jefferson County.  Instead, Defendants erected a road block to this resolution by filing an Answer and Order to Show Cause under the All Writs and Anti-Injunction Acts, Dkt. # 48, which have no bearing on this case.  Defendants are correct that Plaintiffs can no longer voluntarily dismiss this action "*without* a Court Order." Fed. R. Civ. P.  41 (a) (1) (A).

  To dispel any residual doubt concerning whether this action and the pending Article 78 proceeding are seeking the same relief, as argued by Defendants in their motion for a preliminary injunction, Dkt. # 48, Plaintiffs properly amended their Complaint as they had a right to do *without* Defendants' consent and without a Court Order.  See *Azkour v. Bowery Residents' Committee, Inc.*, 2017 WL 4221456 (S.D.N.Y. Sept. 22, 2017); *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015).  The Third Amended Complaint **replaces and supercedes** the Second Amended Complaint. *See Hutchinson v. Watson*, No. 9:13-CV-862 (FJS/RFT), 2014 WL 11515849, at *8 (N.D.N.Y. Aug. 13, 2014), aff'd, 607 F. App'x 116 (2d Cir. 2015) (quoting *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998) (stating that " " '[i]t is well established that an amended complaint ordinarily supersedes the [earlier complaint], and renders it of no legal effect' " ")) (balance of citations omitted).

  Now that Plaintiffs have amended the Complaint and eliminated their remaining request for injunctive relief, as they also had a right to do, there is no longer any impediment, if any existed, to this Court granting their request "*[b]y Court Order*" to voluntarily dismiss without prejudice.  Fed. R. Civ. P. 41 (a) (2).  Plaintiffs utilized the emergency motion procedure because the Third Amended Complaint and Rule 41 request for leave to dismiss likely moot Defendants' request for injunctive relief.

mith Sovik Kendrick & Sugnet P.C.

August 31, 2018
Page 2

    Thank you for your consideration in this matter.

                            Respectfully submitted,

                            Karen G. Felter

CC:    All counsel of record (**VIA CM/ECF**)

{S0852791.1}