| | |
|---|---|
| **JOHN DOE #1**, **JOHN DOE #2**, **JOHN DOE #3**, **JOHN DOE #4**, **JOHN DOE #5**, **JOHN DOE #6, JOHN DOE #7, JOHN DOE #8, and JOHN DOE #9.**<br><br>      Plaintiffs,<br>vs.<br><br>**SYRACUSE UNIVERSITY, KENT SYVERUD**, individually and as Chancellor of Syracuse University, **ROBERT HRADSKY**, individually and as Syracuse University Dean of Students and Associate Vice President of the Student Experience, and **TERESA ABI-NADER DAHLBERG**, individually and as the Dean of the College of Engineering and Computer Science,<br><br>      Defendants. | Civil Action No. 5:18-CV-00496<br>(FJS-DEP) |

## DEFENDANTS' MEMORANDUM OF LAW OPPOSING
## PLAINTIFFS' ORDER TO SHOW CAUSE SEEKING DISMISSAL

JENNER & BLOCK LLP
David W. DeBruin, Esq. (*pro hac vice*)
Ishan K. Bhabha, Esq. (*pro hac vice*)
1099 New York Avenue, N.W.,
Suite 900
Washington, DC 20001-4412
(202) 639-6015
ddebruin@jenner.com

HANCOCK ESTABROOK, LLP
John G. Powers, Esq. (Bar Roll #: 508934)
Paul J. Tuck, Esq. (Bar Roll #: 520814)
AXA Tower I, Suite 1500
100 Madison Street
Syracuse, NY 13202
(315) 565-4500
jpowers@hancocklaw.com

*Attorneys for Defendants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT..........................................................................................................................4

I.   Plaintiffs' Motion To Dismiss Without Prejudice Should Be Denied As Moot
     Because The Third Amended Complaint Is Procedurally Improper. ................................4

II.  Plaintiffs' Motion To Dismiss Without Prejudice Should Be Denied Based On The
     Factors That Courts Must Consider Under Rule 41(a)(2). .................................................7

     A.   Plaintiffs' Motion Would Legally Prejudice Defendants. ........................................8

     B.   Plaintiffs' Motion Should Be Denied Based On A Consideration Of The
          *Zagano* Factors..........................................................................................................10

III. Although the Court Should Deny Plaintiffs' Motion to Dismiss, if the Court Were
     to Decide to Dismiss, It Should Award Defendants Attorneys' Fees and Costs. ..............14

CONCLUSION....................................................................................................................14

# **TABLE OF AUTHORITIES**

**CASES**

*Azkour v. Bowery Residents' Committee, Inc.*, No. 13-CV-5878, 2017 WL
    4221456 (S.D.N.Y. Sept. 22, 2017) ................................................................................5

*Baiul v. NBC Sports*, 708 F. App'x 710 (2d Cir. 2017), *cert. denied*, 138 S. Ct.
    1299 (2018) ....................................................................................................................10

*Bonacci v. Lone Star Internnational Energy, Inc.*, No. 98-CV-634, 1999 WL
    76942 (S.D.N.Y. Feb. 16, 1999) ...................................................................................12

*Camilli v. Grimes*, 436 F.3d 120 (2d Cir. 2006) ..................................................................8, 10

*Catanzano v. Wing*, 277 F.3d 99 (2d Cir. 2001) ........................................................................7

*Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157 (5th Cir.
    1982) ................................................................................................................................6

*Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212 (1947) ................................................8

*D'Alto v. Dahon California, Inc.*, 100 F.3d 281 (2d Cir. 1996) ...............................................10

*Foman v. Davis*, 371 U.S. 178 (1962) .......................................................................................6

*Horowitz v. 148 S. Emerson Assocs., LLC*, 888 F.3d 13 (2d Cir. 2018) .................................14

*Kern Oil & Refing Co. v. Tenneco Oil Co.*, 792 F.2d 1380 (9th Cir. 1986) ............................12

*Krivchenko v. Clintondale Aviation, Inc.*, No. 13-CV-820, 2014 WL 4684808
    (N.D.N.Y. Sept. 18, 2014) ..............................................................................11, 12, 14

*Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300 (S.D.N.Y. 1996), *aff'd*, 116 F.3d 465
    (2d Cir. 1997) (unpublished table decision) ...................................................................6

*Lucente v. International Business Machines Corp.*, 310 F.3d 243 (2d Cir. 2002) ....................6

*Oneida Indian Nation of New York State v. County of Oneida*, 199 F.R.D. 61
    (N.D.N.Y. 2000) .............................................................................................................6

*Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984 (5th Cir. 1989) ..............................8, 13

*Rayburn v. CSX Transportation, Inc.*, No. 17-CV-48, 2017 WL 4990631
    (N.D.N.Y. Oct. 31, 2017) .............................................................................................12

*Riley v. A.W. Chesteron Co.*, No. 7:05-CV-0668, 2006 WL 1373057 (N.D.N.Y.
    May 18, 2006) ...............................................................................................................11

*In re Skinner & Eddy Corp.*, 265 U.S. 86 (1924) ..........................................................................10

*State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409
    (2d Cir. 1990)..........................................................................................................................6

*Thatcher v. Hanover Ins. Group*, 659 F.3d 1212 (8th Cir. 2011)....................................................12

*Wakefield v. Northern Telecom, Inc.*, 769 F.2d 109 (2d Cir. 1985) ...............................................13

*Zagano v. Fordham University*, 900 F.2d 12 (2d Cir. 1990).................................................7, 8, 11

**OTHER AUTHORITIES**

Fed. R. Civ. P. 15(a)(2)......................................................................................................................4

Fed. R. Civ. P. 41(a)(2)......................................................................................................................7

Notwithstanding their multitude of filings over the last few weeks, in two courts, Plaintiffs' attempt to divest this Court of authority over this action fails in light of two basic rules governing civil litigation. *First*, having filed an action in federal court, and received an unfavorable initial determination, a plaintiff may not then bring an identical lawsuit in state court to undo the federal court judgment. *Second*, once a defendant has answered a complaint, a plaintiff may no longer voluntarily dismiss without prejudice a federal action to proceed solely in a newly-favored state court forum.

These two rules doom Plaintiffs' multiple procedural attempts to exit their first choice of forum after months of vigorous litigation and pursue an identical lawsuit, based on identical facts, through a cause of action over which this Court would have jurisdiction, in state court. Indeed, as discussed below and in Defendants' other filings, the facts of this case demonstrate precisely why these basic rules preventing forum-shopping and dueling state and federal judgments are so important. A plaintiff that attempts to switch forums once a case is underway and has been vigorously litigated faces a high bar, and Plaintiffs here come nowhere close to surmounting that bar. Although Plaintiffs' claims on the merits are baseless, Defendants recognize that Plaintiffs of course have a right to a court adjudication saying so. But, because of Plaintiffs' *own choice* to bring its claims in this Court, this Court should make that ultimate determination, and no other.

## PRELIMINARY STATEMENT

On April 24, 2018, Plaintiffs initiated a lawsuit in this Court, challenging Syracuse University's (the "University") allegation at that point, and final determination now, that Plaintiffs had committed a number of serious violations of the University's Code of Student Conduct. In their lawsuit, Plaintiffs sought a permanent injunction to "[r]estor[e] Plaintiffs to their pre-existing good academic standing." ECF No. 1 (Complaint); ECF No. 42 (Second Amended Complaint).

As the number of docket entries in this case evidences, these issues have been extensively litigated since that point—requiring a significant expenditure of resources by the Court and the parties. On June 28, 2018, the Court issued its first substantive ruling in the case, denying Plaintiffs' request for a preliminary injunction.

In so ruling, the Court accomplished several things. First, the Court determined that the status quo ante—"'the last actual, peaceable uncontested status which preceded the pending controversy'"—was the relationship that existed between the parties immediately prior to Plaintiffs' commencement of this action on April 24, 2018. ECF No. 24 at 3-4 (quoting *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018)). That meant that the status quo ante was the time when "there was a hold on Plaintiffs' academic files, including their transcripts," *id.*, and that Plaintiffs were not enrolled as students in good standing at the University. Second, the Court considered Plaintiffs' request to alter that status quo by forcing the University to lift the hold on Plaintiffs' academic files and provide Plaintiffs with transcripts that removed the notation "Administrative Withdrawal – University initiated." ECF No. 24 at 4. The Court rejected that request for a mandatory injunction, explaining among other reasons "that Plaintiffs have certainly not shown that their positions with regard to these issues constitute a clear or substantial likelihood of success on the merits." ECF No. 24 at 10. Defendants have since filed both a motion to dismiss in this matter and have answered the operative, Second Amended Complaint.

Having been denied injunctive relief by this Court, Plaintiffs evidently determined that this Court was no longer their preferred forum. On August 10, 2018, seven of the nine Plaintiffs in this action brought an Article 78 petition in the Supreme Court in Jefferson County New York, seeking a permanent injunction to "vacat[e] and annul[] the final [disciplinary] determinations

made by Respondent, SYRACUSE UNIVERSITY," ECF No. 48-2 at 47.[1] Plaintiffs then moved for a TRO in state court (August 13), followed by a renewed TRO request after the state court's initial denial (August 24). On August 27, the state court granted the request for a TRO, ordering the University to readmit Plaintiffs notwithstanding the University's determination that they had violated the Code. That ruling is irreconcilable with this Court's June 28 order rejecting Plaintiffs' attempt to wind back the status quo to the moment before they participated in the *Theta Tau* videos that precipitated this entire dispute.

Doubtless recognizing that the Article 78 action—at least as to the seven plaintiffs in federal court who are also petitioners in state court—seeks entirely duplicative relief as sought in this case, on August 30, and without seeking leave from the Court, Plaintiffs attempted to file a Third Amended Complaint removing their request for injunctive relief. Then, *less than twenty-four hours* after filing their Third Amended Complaint, Plaintiffs filed the instant motion seeking to dismiss the entire action under an expedited briefing schedule. *See, e.g.*, ECF Nos. 47, 56, 58, 60, 61, 63, 65, 69 (Plaintiffs' filings over the past week alone).

Despite the many filings Plaintiffs have lodged with the Court over the last week, the ultimate issues here are straightforward: For one, Plaintiffs' attempt to dismiss the Third Amended Complaint is moot because that is not properly before Court and should be struck. More broadly, Plaintiffs' attempt to dismiss this entire action without prejudice fails under the well-established factors this Court is required to consider under Rule 41(a)(2). Plaintiffs had over four months to voluntarily dismiss their lawsuit but that opportunity has now passed. That Plaintiffs evidently believe their chances for success are greater in state rather than federal court is simply no reason

---

[1] Because of Plaintiffs' improper attempt to proceed using a pseudonym, an issue that is currently before the Court, Defendants are unable know with any certainty which particular Plaintiffs are petitioners in the state court action, or vice-versa.

to countenance their obvious attempt at forum-shopping, an attempt that would not only waste all the time this Court has already spent adjudicating the dispute, but also prejudice defendants.

For these reasons, and explained in Defendants' other related filings, Defendants respectfully request the Court grant Defendants' order for a preliminary injunction, strike Plaintiffs' improperly-filed Third Amended Complaint, and deny Plaintiffs' motion to dismiss this action without prejudice.

## ARGUMENT

### I. Plaintiffs' Motion To Dismiss Without Prejudice Should Be Denied As Moot Because The Third Amended Complaint Is Procedurally Improper.

Plaintiffs have moved to dismiss without prejudice their Third Amended Complaint. *See* ECF No. 62-1 at ¶ 4. Because the Third Amended Complaint is procedurally defective and inoperative, Plaintiffs' motion is moot and should be denied.

Rule 15(a)(1) permitted Plaintiffs to amend their pleadings once as a matter of right, which they did on July 9, 2018. (ECF No. 25.) Rule 15(a)(2) permitted Plaintiffs to amend their pleadings a second time after obtaining Defendants' stipulated consent, which they did on August 3, 2018. (ECF No. 42.) On August 30, 2018, Plaintiffs attempted to docket a Third Amended Complaint. (ECF No. 60.) Plaintiffs did not seek or obtain Defendants' "written consent" to file their Third Amended Complaint and, indeed, provided no notice whatsoever of their intention to amend their pleadings for a third time. Fed. R. Civ. P. 15(a)(2). Nor did Plaintiffs seek "the court's leave" in advance of their filing. *Id.* Accordingly, Plaintiffs' Third Amended Complaint is procedurally improper and should be stricken from the docket.

Plaintiffs argue that their latest amendment has been made "as a matter of course" under Rule 15(a)(1) and, in doing so, place heavy reliance on a Ninth Circuit case. ECF No. 65 at 1-2 (citing *Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1007 (9th Cir. 2015)). But that case is

not controlling law in this Circuit and Plaintiffs cite no evidence to the contrary. Indeed, Plaintiffs' sole effort to import *Ramirez* into this Circuit—an "accord" cite to a Southern District case—is entirely unavailing. ECF No. 65 at 2. In that case, *Azkour v. Bowery Residents' Committee, Inc.*, No. 13-CV-5878, 2017 WL 4221456 (S.D.N.Y. Sept. 22, 2017), the Southern District *denied* a plaintiff's motion to file a Third Amended Complaint under Rule 15(a)(1), noting that the plaintiff "has had multiple opportunities to amend his pleading" and that "Rule 15(a)(1) does not allow a party to retain a one-time option to 'amend … as a matter of course' in perpetuity." *Id.* at *2. The Southern District then considered whether plaintiff's motion to amend should be granted under Rule 15(a)(2) and concluded that it should not, observing that the plaintiff had "obtained neither consent nor leave to do so." *Id.* at *3.

Here, as in *Azkour*, Plaintiffs have already filed *three versions* of their Complaint, the last of which Defendants have both answered and moved to dismiss. Plaintiffs cannot cite any legal authority in this Circuit defending the novel idea that their *fourth* attempt at federal pleadings can be made "as a matter of course." That idea runs contrary to the text and spirit of Rule 15(a)(2), which is intended to "provide[] ample opportunity for amendment" so long as the movant can justify the changes to the other party or the court. *Azkour*, 2017 WL 4221456 at *3.

Plaintiffs have attempted to evade Rule 15(a)(2)'s seemingly easy to satisfy requirements because, having already filed three complaints and litigated this case vigorously, they presumably realize they *cannot* justify their changes. Indeed, had Plaintiffs followed the dictates of the Federal Rules and filed a motion for leave to amend, that motion would have been denied. The Supreme Court has held that factors such as "undue delay, bad faith or dilatory motive on the part of the movant" as well as "undue prejudice to the opposing party" and "futility of amendment" constitute

grounds for denying a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Many of those factors are present here.

In particular, Plaintiffs' bad faith is evidenced by their attempt to transfer their claims into a more favorable forum to avoid (1) this Court's prior ruling, (2) an adjudication of Defendants' pending motion to dismiss, ECF No. 44, and (3) an adjudication of Defendants' fully-briefed and fully-argued motion for an order to correct the caption, which, if granted, would require Plaintiffs to reveal their identities to the public. *See* ECF No. 19. On its own, Plaintiffs' bad faith is a sufficient reason to deny the amendment. *See State Trading Corp. of India, Ltd. v. Assuranceforeningen Skuld*, 921 F.2d 409, 417–18 (2d Cir. 1990) (motion to amend denied where movant deliberately chose not to amend earlier for "tactical" reasons, suggesting bad faith); *Oneida Indian Nation of N.Y. State v. Cty. of Oneida*, 199 F.R.D. 61, 80–81 (N.D.N.Y. 2000) ("A finding that a party is seeking leave to amend solely to gain a tactical advantage … supports a finding that such an amendment is made in bad faith."); *Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 304 (S.D.N.Y. 1996) (motion to amend denied as in bad faith where plaintiff sought to switch legal theories mid-litigation), *aff'd*, 116 F.3d 465 (2d Cir. 1997) (unpublished table decision); *Chitimacha Tribe of La. v. Harry L. Laws Co.*, 690 F.2d 1157, 1164 (5th Cir. 1982) (noting that "it is improper to amend solely to gain a tactical advantage[ ]").

Furthermore, Plaintiffs' proposed amendment would be futile given that the amendment does not cure any of the material deficiencies that should lead the Court to dismiss this action with prejudice for failure to state a claim. *See* ECF No. 44; *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Defendants hereby incorporate the arguments presented in their Motion to Dismiss, ECF No. 44. For the same reason

Plaintiffs' Second Amended Complaint fails to state a claim, the Third Amended Complaint—even if not struck as it should be—likewise fails. Simply removing their request for injunctive relief, as they have done here, does absolutely nothing to transform Plaintiffs' allegations that fail to state a claim into allegations that plausibly plead a violation of law.

Finally, and for reasons developed further below, Plaintiffs' actions have unduly prejudiced Defendants. Plaintiffs sought a lengthy extension for their response to Defendants' motion to dismiss, yet have now rushed through several filings both before this Court and in the duplicative state-court litigation, in an attempt to seek a favorable ruling from the state court before this Court resolves the litigation. As a consequence, Defendants have been forced to respond to multiple filings in a highly expedited manner, all while defending a separate, unnecessary, and entirely duplicative lawsuit filed by Plaintiffs in state court seeking to undo this Court's prior ruling.

In short, there is no "valid procedural mechanism" at play here, ECF No. 65 at 2, only a strategic and tactical flouting of the Federal Rules. Plaintiffs' Third Amended Complaint should be stricken and their motion to dismiss without prejudice should accordingly be denied as moot.

## II. Plaintiffs' Motion To Dismiss Without Prejudice Should Be Denied Based On The Factors That Courts Must Consider Under Rule 41(a)(2).

Plaintiffs have removed any doubt that their actions are purely tactical by moving to almost immediately dismiss the very pleadings that they have just recently attempted to file. Plaintiffs effectively ask this Court to amend their Complaint solely for the purpose of dismissing it. The Court need not and should not grant this request.

"Voluntary dismissal without prejudice is ... not a matter of right," *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990), and "[i]t is within the district court's sound discretion to deny a Rule 41(a)(2) motion to dismiss." *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001); *see also* Fed. R. Civ. P. 41(a)(2) ("an action may be dismissed at the plaintiff's request only by

court order, on terms that the court consider proper"). "Two lines of authority have developed with respect to the circumstances under which a dismissal without prejudice might be improper." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006). First, dismissal is improper if "the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit." *Cone v. W.V. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *see Camilli*, 436 F.3d at 123. Second, dismissal is improper based on the following factors: "the plaintiff's diligence in bringing the motion; any undue vexatiousness on plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss." *Zagano*, 900 F.2d at 14 (internal quotations and citations omitted).

These factors counsel in favor of rejecting Plaintiffs' request. If it were granted, Defendants would suffer significant legal prejudice, most notably a dramatic change in the status quo ante that this Court's ruling to date has preserved. Furthermore, even before discovery, Defendants have expended significant resources litigating in this forum, and Plaintiffs have provided no adequate explanation that justifies the duplicative expenses of relitigation that Defendants would incur. Above all, there can be no doubt that Plaintiffs' motion is unduly vexatious, given that the transparent motivation is to undercut this Court's denial of Plaintiffs' requested motion for a preliminary injunction.

### A. Plaintiffs' Motion Would Legally Prejudice Defendants.

"When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." *Phillips v. Ill. Cent. Gulf R.R.*, 874 F.2d 984, 987 (5th Cir. 1989) (citing, inter alia, 9 Wright & Miller, *Federal Practice*

*& Procedure: Civil*, §§ 2362, 2364 at 149, 165 (1971)). If the Court were to grant Plaintiffs' motion, Defendants would be legally prejudiced for three reasons.

First, dismissal without prejudice would permit Plaintiffs to evade the Court's ruling of June 28, 2018. As discussed above, the Court identified and ordered preservation of the status quo ante, the point in time when "there was a hold on Plaintiffs' academic files, including their transcripts," ECF No. 24 at 3-4, and Plaintiffs were not students in good standing at the University. Plaintiffs have relitigated that issue before the state court, which has issued a contradictory ruling ordering that Plaintiffs "retain all of the rights and privileges guaranteed to matriculated students and members of the Syracuse University Community pending a hearing as to whether [Plaintiffs] are entitled to a stay of the disciplinary determinations." Order to Show Cause, *John Doe, et al. v. Syracuse University*, Index No. 2018-00001865, RJI No. 22-18-0762. As a consequence, at least one of the suspended Plaintiffs has begun attending classes and his presence at the school has not only raised questions among faculty and students alike, but has called into question the legitimacy and efficacy of the University's administrative disciplinary system used hundreds of times a year to adjudicate issues arising from activity of thousands of students. Moreover, if Defendants' ultimately prevail, a student who was suspended, and is now re-admitted, will be suspended once more. That is in no one's interests. These are exactly the consequences this Court's June 28 ruling were meant to *avoid* in advance of a resolution on the merits. The Court can and should return the parties to the status quo ante per its prior order.

Second, dismissal without prejudice would force Plaintiffs to relitigate and reargue a critical motion that is pending before this Court and ripe for adjudication—Defendants' motion to correct the caption to reveal the identity of the Plaintiffs. *See* ECF No. 19. Defendants have briefed and argued this motion on the basis of federal case law, assuming that a federal court (the

forum chosen by Plaintiffs) would be adjudicating the case. It is prejudicial to Defendants to have to go through the time and expense of a full do-over on this important motion, which seeks to vindicate the public's substantial interest in the transparency of legal proceedings. As the Second Circuit has observed, legal prejudice results where a motion to dismiss without prejudice would "multiply the already duplicative expenses occurred by [Defendants]," simply because the plaintiff now finds it advantageous to press in state court identical claims based on "the same set of operative facts." *Baiul v. NBC Sports*, 708 F. App'x 710, 713–14 (2d Cir. 2017), *cert. denied*, 138 S. Ct. 1299 (2018).

Third, Defendants have expended time, effort, and resources to fully prepare and brief their pending motion to dismiss for failure to state a claim. That motion, like a counter-claim, can grant Defendants affirmative relief by giving Defendants the peace and security attached to a dismissal with prejudice. *See Camilli*, 436 F.3d at 124 (legal prejudice to defendant may occur if defendant is ready to pursue a counterclaim in the same action); *In re Skinner & Eddy Corp.*, 265 U.S. 86, 93-94 (1924). Defendants have further filed an answer, permitting this Court to rule on the pleadings. Remitting these motions to state court would prejudice Defendants with further research and expense and, more importantly, prejudicially expand the already enlarged timeline by which Plaintiffs must file a response. *See* ECF Nos. 47 (Plaintiffs' request for extension of time to file papers in opposition to Defendants' motion to dismiss).

**B. Plaintiffs' Motion Should Be Denied Based On A Consideration Of The *Zagano* Factors.**

Even if a court finds a defendant will suffer no legal prejudice—which is not the case here—it must still determine if the *Zagano* factors counsel in favor of denying Plaintiffs' motion to dismiss without prejudice. *D'Alto v. Dahon Cal., Inc.*, 100 F.3d 281, 284 (2d Cir. 1996). Here, those factors—"the plaintiff's diligence in bringing the motion; any undue vexatiousness on

plaintiff's part; the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; the duplicative expense of relitigation; and the adequacy of plaintiff's explanation for the need to dismiss"—all counsel in favor of this Court denying Plaintiffs' request. *Zagano*, 900 F.2d at 14 (internal quotations and citations omitted).

Plaintiffs did not act diligently in bringing their motion. Plaintiffs "knew, or reasonably should have known" that the University Appeals Board decision, transmitted with a signed letter from the Dean of Students stating "[t]he decision of the University in this matter is now final," rendered the decision final as of July 26, 2018. *See Riley v. A.W. Chesteron Co.*, No. 7:05-CV-0668, 2006 WL 1373057, at *2 (N.D.N.Y. May 18, 2006) (plaintiff did not act diligently in bringing Rule 41(a)(2) dismissal motion, where he "knew, or reasonably should have known" of statute of limitations problems). At that point, Plaintiffs could have dismissed this federal case and brought their case in state court. Instead, the very next day, Plaintiffs entered into a stipulation to file a Second Amended Complaint in *this* court. (ECF No. 35.) Plaintiffs then continued to litigate in this forum, thereby requiring Defendants to put forward their legal arguments and strategy and likewise continuing to give themselves opportunities to determine whether the Court found their arguments meritorious. Most notably, Plaintiffs waited until Defendants filed their motion to dismiss for failure to state a claim (ECF No. 44) before three days later filing their duplicative action in state court. And even after doing so, Plaintiffs continued to wait, until they could take the temperature of that forum. Only once Plaintiffs determined that they had a more favorable audience in state court than they did here did they finally file their motion to dismiss without prejudice. *See Krivchenko v. Clintondale Aviation, Inc.*, No. 13-CV-820, 2014 WL 4684808, at *4 (N.D.N.Y. Sept. 18, 2014) (motion to dismiss without prejudice denied where litigant was "not diligent in taking action, but only self-protective"). In the meantime, nearly *thirty*

entries were added to the docket in this case, which have required the attention and time of Defendants and, of course, the Court.

For largely the same reasons, Plaintiffs have acted in an unduly vexatious manner. Plaintiffs have forced Defendants to litigate two duplicative actions until such time as they could assess which would be the more favorable forum. And they have relitigated this Court's ruling in a different forum. *See Krivchenko*, 2014 WL 4684808, at *4 ("Plaintiffs' failure to deny the facts that support Defendant's summary judgment motion, along with their expressed desire to have the case dismissed without prejudice so the action can be brought in another forum, indicate an undue vexatiousness."); *Rayburn v. CSX Transp., Inc.*, No. 17-CV-48, 2017 WL 4990631 at *3 (N.D.N.Y. Oct. 31, 2017) (where it appears that the plaintiff "is only requesting dismissal to avoid an adverse decision," the plaintiff is being "unduly vexatious"). Vexatious litigation and forum-shopping are highly disfavored. *See, e.g.*, *Thatcher v. Hanover Ins. Grp.*, 659 F.3d 1212, 1214 (8th Cir. 2011) ("a party is not permitted to dismiss merely to escape an adverse decision nor to seek a more favorable forum"); *Kern Oil & Ref. Co. v. Tenneco Oil Co.*, 792 F.2d 1380, 1389 (9th Cir. 1986) (affirming denial of motion to voluntarily dismiss because plaintiff exhibited "impermissible forum shopping").

The third *Zagano* factor—the progress of the litigation—counsels yet again in favor of denying Plaintiffs' motion. Defendants have invested substantial time and energy into briefing a dispositive motion that, once adjudicated, will resolve the case in its entirety. "A voluntary dismissal is inappropriate where it appears designed to evade the impact of a dispositive motion." *Bonacci v. Lone Star Int'l Energy, Inc.*, No. 98-CV-634, 1999 WL 76942, at *4 n.3 (S.D.N.Y. Feb. 16, 1999). That is precisely the situation here. Rather than responding to Defendants' dispositive motion, Plaintiffs moved for an extension, never revealing their intention to almost simultaneously

file a new complaint and then immediately file their own motion to dismiss *without* prejudice to obviate Defendants' motion in its entirety. As the Fifth Circuit has observed, "dismissal without prejudice should not be granted … when the plaintiff's purpose is so to maneuver the litigation that the defendant will lose his existing advantage." *Phillips*, 874 F.2d at 987 (internal quotation marks omitted).

Furthermore, dismissing plaintiffs' claims without prejudice will lead to duplicative and unnecessary relitigation, including full re-briefing and re-argument on Defendants' motion to correct the caption. *Cf. Wakefield v. N. Telecom, Inc.*, 769 F.2d 109, 115 (2d Cir. 1985) ("Reasons of judicial economy alone would appear to dictate that one full and fair attempt to prove [a] claim is enough."). Plaintiffs are already forcing Defendants to respond to Plaintiffs' preliminary-injunction request in their state-court Article 78 proceeding, incurring duplicative costs, time, and effort as Defendants must once again re-argue their opposition with citations to New York state law.

Lastly, despite Plaintiffs' avowals of legitimacy and reasonableness, Plaintiffs lack any adequate explanation for their delayed and strategic decision to move to dismiss without prejudice only after Defendants filed their 12(b)(6) motion. Plaintiffs have not explained why they delayed their motion until more than a month after administrative proceedings concluded. Plaintiffs have not explained why they waited to file their motion until *after* initiating litigation in state court, thereby creating dueling proceedings. And Plaintiffs have not explained why, all the while, they have continued to file redundant and repetitive motions and letter briefs. There is no credible explanation for these actions other than an unduly vexatious attempt by Plaintiffs to avoid resolution of Defendants' pending dispositive motion. That is particularly so given that Plaintiffs still have made no argument as to why Defendants' motion to dismiss *with* prejudice should be

denied. Where plaintiffs "offer no argument to explain why" a dispositive motion should not be granted, "[t]he Court is therefore forced to conclude that Plaintiffs' motion [to dismiss without prejudice] is less about preserving their right to proceed in another forum than it is about Plaintiffs' desire to avoid judgment. Such is not the purpose of a motion for voluntary dismissal." *Krivchenko*, 2014 WL 4684808, at *4.

### III. Although the Court Should Deny Plaintiffs' Motion to Dismiss, if the Court Were to Decide to Dismiss, It Should Award Defendants Attorneys' Fees and Costs.

The Second Circuit has made clear that Rule 41(d) authorizes a court to award a payment of attorneys' fees and costs. *See*, *e.g.*, *Horowitz v. 148 S. Emerson Assocs., LLC*, 888 F.3d 13, 25-26 (2d Cir. 2018) (holding that Rule 41(d) authorizes an award of attorneys' fees, and stating, "Rule 41(d)'s purpose is clear and undisputed: 'to serve as a deterrent to forum shopping and vexatious litigation.'" (quoting *Andrews v. America's Living Centers, LLC*, 827 F.3d 306, 309 (4th Cir. 2016))). For all the reasons previously discussed, this Court should deny Plaintiffs' motion to dismiss without prejudice. But if this Court disagrees and grants the motion to dismiss, at a minimum the Court should require Plaintiffs to pay Defendants' attorneys' fees and costs associated with the instant litigation, which Plaintiffs brought but then abandoned, to pursue the same, duplicative relief in another forum.

### CONCLUSION

For the foregoing reasons, Plaintiffs motion to dismiss without prejudice should be denied.

Dated: September 4, 2018                              Respectfully submitted,

                                                      s/ John G. Powers
                                                      John G. Powers

| | |
|---|---|
| JENNER & BLOCK LLP | HANCOCK ESTABROOK, LLP |
| David W. DeBruin, Esq. (*pro hac vice*) | John G. Powers, Esq. (Bar Roll #: 508934) |
| Ishan K. Bhabha, Esq. (*pro hac vice*) | Paul J. Tuck, Esq. (Bar Roll #: 520814) |
| 1099 New York Avenue, N.W., Suite 900 | AXA Tower I, Suite 1500 |
| Washington, DC 20001-4412 | 100 Madison Street |
| (202) 639-6015 | Syracuse, NY 13202 |
| ddebruin@jenner.com | (315) 565-4500 |
| | jpowers@hancocklaw.com |

*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on September 4, 2018, I electronically filed the foregoing with the Clerk of Court, to be served on all parties of record via the CM/ECF system.

                                        By:    s/ *Paul J. Tuck*
                                                        Paul J. Tuck