UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, JOHN DOE #4, JOHN DOE #5, JOHN DOE #6, JOHN DOE #7, JOHN DOE #8, and JOHN DOE #9**,<br><br>    Plaintiffs,<br><br>vs.<br><br>**SYRACUSE UNIVERSITY, KENT SYVERUD,** individually and as Chancellor of Syracuse University, **ROBERT HRADSKY**, individually and as Syracuse University Dean of Students and Associate Vice President of the Student Experience, and **TERESA ABI-NADER DAHLBERG**, individually and as the Dean of the College of Engineering and Computer Science,<br><br>    Defendants. | Civil Action No.:<br>5:18-CV-496 (FJS/DEP) |

**BRIEF IN SUPPORT OF
MOTION TO STRIKE PLAINTIFFS' THIRD AMENDED COMPLAINT**

HANCOCK ESTABROOK, LLP
John G. Powers, Esq. (Bar Roll #: 508934)
Paul J. Tuck, Esq. (Bar Roll #: 520814)
AXA Tower I, Suite 1500
100 Madison Street
Syracuse, NY 13202
(315) 565-4500
jpowers@hancocklaw.com

JENNER & BLOCK LLP
David W. DeBruin (*pro hac vice*)
Ishan K. Bhabha (*pro hac vice*)
1099 New York Avenue, N.W., Suite 900
Washington, DC 20001-4412
(202) 639-6015
ddebruin@jenner.com

*Attorneys for Defendants*

{H3416279.1}

COME NOW Defendants Syracuse University, Kent Syverud, Robert Hradsky, and Teresa Abi-Nader Dahlberg and respectfully ask this Court to strike as improperly filed Plaintiffs' Third Amended Complaint (ECF No. 60) and in support thereof state as follows:

1. Plaintiffs' filed their initial Complaint in this matter on April 24, 2018.  (ECF No. 1.)

2. On June 13, 2018, Plaintiffs filed an emergency motion for temporary restraining order that attached a proposed amended complaint.  (ECF No. 14-12.)  The University did not oppose Plaintiffs' motion to amend.  On June 26, 2018, the Court granted Plaintiffs' motion to amend.  (ECF No. 23.)  Plaintiffs' First Amended Complaint was docketed on July 9, 2018.  (ECF No. 26.)

3. On July 30, 2018, the Court entered a text order approving the parties' stipulation for Plaintiffs to file a Second Amended Complaint.  (ECF No. 36.)  Plaintiffs' Second Amended Complaint was docketed on August 3, 2018.  (ECF No. 42.)

4. On August 27, 2018, Defendants filed their Answer to Plaintiffs' Second Amended Complaint.  (ECF No. 46.)

5. On August 30, 2018, Plaintiffs filed a Third Amended Complaint.  (ECF No. 60.)  Plaintiffs did not seek or obtain Defendants' "written consent" for the filing of their Third Amended Complaint and did not provide Defendants with any notice whatsoever of their intention to amend their pleadings for a third time.  Declaration of John G. Powers (Sept. 6, 2018) ¶ 1.  Nor did Plaintiffs seek leave of this Court in advance of their filing.  *Id.*

6. Fed. R. Civ. P. 15(a)(1) permitted Plaintiffs to amend their pleadings once as a matter of right, which they did on July 9, 2018.  Fed. R. Civ. P. 15(a)(2) permitted Plaintiffs to

amend their pleadings a second time after obtaining Defendants' stipulated consent, which they did on August 3, 2018.

7. The Federal Rules of Civil Procedure do *not* permit Plaintiffs to amend their pleadings for a third time, because they did not comply with the express requirements of Rule 15. Fed. R. Civ. P. 15(a)(2) could not be clearer: After a party has amended its pleadings once as of right, "a party may amend its pleading *only* with the opposing party's written consent or the court's leave."

8. In addition, N.D.N.Y. Local Rule 7.1(a)(4) sets forth a procedure for seeking permission to amend the pleadings pursuant to Fed. R. Civ. P. 15. Plaintiff's failed to comply with Local Rule 7.1(a)(4) as well.

9. Because Plaintiffs have not complied with the Fed. R. Civ. P. 15(a)(2) or Local Rule 7.1(a)(4), the Court should strike their Third Amended Complaint.

10. Plaintiffs argue that their latest amendment has been made "as a matter of course" under Rule 15(a)(1) and, in doing so, place heavy reliance on a Ninth Circuit case. ECF No. 65 at 1-2 (citing *Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1007 (9th Cir. 2015)). But that case is not controlling law in this Circuit and Plaintiffs cite no evidence to the contrary. Indeed, Plaintiffs' sole effort to import *Ramirez* into this Circuit—an "accord" cite to a Southern District case—is unavailing. ECF No. 65 at 2. In that case, *Azkour v. Bowery Residents' Committee, Inc.*, No. 13-CV-5878, 2017 WL 4221456 (S.D.N.Y. Sept. 22, 2017), the Southern District *denied* a plaintiff's motion to file a Third Amended Complaint under Rule 15(a)(1), noting that the plaintiff "has had multiple opportunities to amend his pleading" and that "Rule 15(a)(1) does not allow a party to retain a one-time option to 'amend … as a matter of course' in perpetuity." *Id.* at *2. The Southern District then considered whether plaintiff's motion to amend should be granted under

Rule 15(a)(2) and concluded that it should not, observing that the plaintiff had "obtained neither consent nor leave to do so." *Id.* at *3.

11. Nor is *Ramirez* on-point. In *Ramirez*, the plaintiffs were permitted to amend a second time "as of right" after amending before with consent. But, here, Plaintiffs are seeking to amend a *third* time after amending once as of right in June and then again via consent in August. *Ramirez* merely noted that Rule 15 does not imply a chronological requirement regarding permissive amendments.

12. Here, as in *Azkour*, Plaintiffs have already filed *three versions* of their Complaint, the last of which Defendants both answered and moved to dismiss. Plaintiffs cannot cite any legal authority in this Circuit defending the novel idea that their *fourth* attempt at federal pleadings can be made "as a matter of course." That idea runs contrary to the text and spirit of Rule 15(a)(2), which is intended to "provide[] ample opportunity for amendment" so long as the movant can justify the changes to the other party or the court. *Azkour*, 2017 WL 4221456 at *3.

13. Plaintiffs attempt to evade Rule 15(a)(2)'s requirements because, having already filed three complaints and litigated this case vigorously, they cannot justify their changes. Indeed, had Plaintiffs followed the dictates of the Federal Rules and filed a motion for leave to amend, that motion would have been denied. The Supreme Court has held that factors such as "undue delay, bad faith or dilatory motive on the part of the movant" as well as "undue prejudice to the opposing party" and "futility of amendment" constitute grounds for denying a motion to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Many of those factors are present here.

14. In particular, Plaintiffs' amended complaint is a purely strategic pleading meant to putatively strengthen their attempt to transfer their claims into a more favorable forum to avoid: (1) this Court's prior ruling, (2) an adjudication of Defendants' pending motion to dismiss, ECF

No. 44, and (3) an adjudication of Defendants' fully-briefed and fully-argued motion for an order to correct the caption, which, if granted, would require Plaintiffs to reveal their identities to the public.  *See* ECF No. 19; *and see State Trading v. Assuranceforeningen Skuld*, 921 F.2d 409, 417–18 (2d Cir.1990) (motion to amend denied where movant deliberately chose not to amend earlier for "tactical" reasons); *Oneida Indian Nation of New York State v. Cty. of Oneida, N.Y.*, 199 F.R.D. 61, 80–81 (N.D.N.Y. 2000) ("A finding that a party is seeking leave to amend solely to gain a tactical advantage … supports a finding that such an amendment is made in bad faith."); *Lee v. Regal Cruises, Ltd.*, 916 F. Supp. 300, 304 (S.D.N.Y. 1996), *aff'd*, 116 F.3d 465 (2d Cir. 1997) (motion to amend denied where plaintiff sought to switch legal theories mid-litigation); *Chitimacha Tribe of Louisiana v. Harry L. Laws Company, Inc.*, 690 F.2d 1157, 1164 (5th Cir.1982) (noting that "it is improper to amend solely to gain a tactical advantage[ ]").

15.     When considered in light of their recent litigation in state court, and their multiple prior amendments in this case, Plaintiffs attempt to introduce, without leave, a Third Amended Complaint presents a fair inference of evasive maneuvering.  In short, there is no "valid procedural mechanism" at play here, ECF No. 65 at 2, only a tactical flouting of the Federal Rules.

16.     Furthermore, Plaintiffs' proposed amendment would be futile given that the amendment does not cure any of the material deficiencies that should lead the Court to dismiss this action with prejudice for failure to state a claim.  *See* ECF No. 44; *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) ("An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."). Defendants hereby incorporate the arguments presented in their Motion to Dismiss, ECF No. 44.  For the same reason Plaintiffs' Second Amended Complaint fails to state a claim, the Third Amended Complaint—even if not struck as it should be—likewise fails.  Simply removing their request for

injunctive relief, as they have done here, does nothing to transform Plaintiffs' allegations that fail to state a claim into allegations that plausibly plead a violation of law.

17. Plaintiffs have already amended their Complaint twice—once as of right and once via consent. Accordingly, Plaintiffs' Third Amended Complaint, filed without consent or leave of the Court, should be stricken from the docket.[1]

Dated: September 6, 2018

Respectfully submitted,

*s/John G. Powers*

_____

John G. Powers

JENNER & BLOCK LLP
David W. DeBruin (*pro hac vice*)
Ishan K. Bhabha (*pro hac vice*)
1099 New York Avenue, N.W.,
Suite 900
Washington, DC 20001-4412
(202) 639-6015
ddebruin@jenner.com

HANCOCK ESTABROOK, LLP
John G. Powers (Bar Roll #: 508934)
Paul J. Tuck (Bar Roll #: 520814)
AXA Tower I, Suite 1500
100 Madison Street
Syracuse, NY 13202
(315) 565-4500
jpowers@hancocklaw.com

*Attorneys for Defendants*

---

[1] Because there is presently pending a Rule 12 motion challenging the sufficiency of the pleadings, the appropriate practice would be for the Plaintiffs, barring consent, to cross-move to amend as part of their opposition to the motion—that application being considered based on whether the amendment cures the challenged defect in the pleading or is otherwise futile in light of the pending motion. *See, e.g.*, *DNJ Logistic Grp., Inc. v. DHL Express (USA), Inc.*, No. 08-CV-2789 (DGT), 2010 WL 625364, at *11 (E.D.N.Y. Feb. 19, 2010) ("When, as here, a cross-motion for leave to file an amended complaint is made in response to a motion to dismiss under Rule 12(b)(6), the standard for measuring futility is whether or not the proposed new claims can withstand a 12(b)(6) motion.").

{H3416279.1}　　　　　　　　　　　　　　　5

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2018, I electronically filed the foregoing with the Clerk of Court, to be served on all parties of record via the CM/ECF system.

> By: s/ *Paul J. Tuck*
> Paul J. Tuck