

250 South Clinton Street, Suite 600
Syracuse, New York 13202

Telephone 315-474-2911
Facsimile 315-474-6015

*Syracuse | Buffalo*
*Long Island | White Plains*

**Karen Guyder Felter**
Partner
kfelter@smithsovik.com

September 12, 2018

<u>**VIA ECF**</u>
Hon. Frederick J. Scullin
United States District Judge
Federal Building and U.S. Courthouse
100 South Clinton Street
P. O. Box 7255
Syracuse, NY  13261-7345

    Re:   *Doe v. Syracuse University, et al*
             Civil Action No.: 5:18-CV-00496 [FJS-DEP]

Dear Judge Scullin:

      I write to request that the Court direct the Clerk to substitute the attached transcript as Exhibit "I" to plaintiffs' opposition (Dkt. # 51) to defendants' motion for injunctive relief via Order to Show Cause (Dkt. # 48), or, in the alternative, to grant leave to plaintiffs to file directly the transcript as a supplementary exhibit to the papers previously filed by plaintiffs. Plaintiffs attached a copy of the transcript order to their opposition papers (Dkt. # 51-9) and received it today from the Court's reporter.

      As is relevant to the pending motion, which was argued by the parties on September 5, 2018, the newly filed transcript fully refutes defendants' assertion that plaintiffs sought the same relief from this Court via the June 2018 motion for TRO/preliminary injunction (Dkt. # 14) and from Justice McClusky in Jefferson County. Furthermore, the transcript disproves defendants' contention that "Plaintiffs previously represented that they would adding an Article 78 claim to ***this action***" (Dkt. # 48-1, p. 6) ("Inexplicably, Plaintiffs split off the Article 78 claim and instituted a separate action in Jefferson County Supreme Court, which, as indicated above, contains the exact same substantive contentions. And, instead of seeking reconsideration of this Court's prior ruling, Plaintiffs, and their counsel, sought a fresh audience for the same preliminary and that injunction arguments they made before this Court. … This Court should rightfully take action in response to Plaintiffs' attempt at impermissible forum shopping.")

      As evidenced by the attached transcript, this Court did not consider the merits of plaintiffs' likelihood of success on obtaining reversal of the University's challenged disciplinary action because no such claim was before the Court. Moreover, counsel for plaintiffs repeatedly noted that we planned to file an action for ***Article 78 relief in state court*** if and when the University completed the administrative appeal process:

Smith Sovik Kendrick & Sugnet P.C.

September 12, 2018
Page 2

| | |
|---|---|
| MS. FELTER: | So if the University is taking the position that they want to preliminarily release the transcripts, they can't do so with this notation pending the results of the appeal. |
| | The University's counsel is also correct in stating that *plaintiffs did not address the likelihood of success in getting this Court to reverse the Conduct Board's decisions, and that is because no such claim for relief exists in this case.* Contrary to the University's contentions that the plaintiffs have not requested that this Court overturn the Conduct Board's decisions because it has no jurisdiction to do so. |
| | *Instead, this case is about the University's breach of its contractual agreements with the students and defamation.* |

Ex. A, pp. 6-7.

| | |
|---|---|
| MS. FELTER: | *The University argues that due process was afforded the plaintiffs in the conduct proceedings, but this is frankly an argument for another day in a different forum.* There is an administrative record of the disciplinary proceedings, and to quote the chairman of the Conduct Board, "that record will speak for itself *in any Article 78 proceeding.*" |

Ex. A, pp. 7-8.

| | |
|---|---|
| THE COURT: | Ms. Felter, *now you're really talking about the merits of the action now. Can we just focus on the preliminary injunction*, what the status quo may be? |

Ex. A, p. 8.

| | |
|---|---|
| MS. FELTER: | In this case the appeals were finalized and submitted completely as of June 8, and we still don't have a decision from the University, and they sent an e-mail saying that there was going to be a further delay. So that delay is preventing the students from getting a final resolution on this disciplinary action and authorizing them to then go and *start an Article 78 proceeding where the impropriety of* |

> *the procedures that were used would be an issue and their ability to get an injunction in that case.*

THE COURT: I thought the appeal had already been taken and it was presently being considered?

MS. FELTER: Yes. But we have no idea when that appeal will be resolved and *the Article 78 action cannot be started*.

. . .

MS. FELTER: Exactly. So there has been this inordinate delay which is cutting into the time that the students have to apply to other schools.

THE COURT: Well, the Article 78 proceeding will take some time too.

MS. FELTER: Absolutely.

THE COURT: *So as a practical matter, if the notation stays on the transcripts until after the Article 78 proceeding takes place, it's going to be long past the time.*

Ex. A, pp. 10-11.

MS. FELTER: I mean, the University claims that the policy of holding transcripts and all of this has to do with preventing students from absconding from the disciplinary process. And the fact of the matter is, that they went through the disciplinary process. You know, they submitted themselves to it and <u>*the University is delaying the finality of that process and preventing them from applying to a state court for Article 78 relief and injunctive relief.*</u>

Ex. A, p. 26.

{S0859387.1}

Smith Sovik Kendrick & Sugnet P.C.

September 12, 2018
Page 4

    Plaintiffs request that the Court take the above into consideration when deciding the merits of defendants' pending claim for injunctive relief.

Respectfully,

Karen G. Felter

Cc:    All counsel of record (**VIA CM/ECF**)

{S0859387.1}