UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN DOE #1, JOHN DOE #2, JOHN DOE #3,
JOHN DOE #4, JOHN DOE #5, JOHN DOE #6,
JOHN DOE #7, JOHN DOE #8 and JOHN DOE #9,

       **Plaintiffs,**

   v.             5:18-CV-496
                   (FJS/DEP)

SYRACUSE UNIVERSITY; KEN SYVERUD,
individually and as Chancellor of Syracuse
University; ROBERT HRADSKY,
individually and as Syracuse University Dean
of Students and Associate Vice President of
the Student Experience; and TERESA
ABI-NADER DAHLBERG, individually and
as the Dean of the College of Engineering
and Computer Science,

       **Defendants.**
_____

| APPEARANCES | OF COUNSEL |
|---|---|
| **SMITH, SOVIK, KENDRICK & SUGNET, P.C.**<br>250 South Clinton Street, Suite 600<br>Syracuse, New York 13202-1252<br>Attorneys for Plaintiffs | **KAREN G. FELTER, ESQ.**<br>**KEVIN E. HULSLANDER, ESQ.**<br>**DAVID M. KATZ, ESQ.** |
| **HANCOCK ESTABROOK, LLP**<br>1500 AXA Tower I<br>100 Madison Street<br>Syracuse, New York 13202<br>Attorneys for Defendants | **JOHN POWERS, ESQ.**<br>**PAUL J. TUCK, ESQ.** |
| **JENNER & BLOCK LLP**<br>1099 New York Avenue, N.W.<br>Suite 900<br>Washington, D.C. 20001<br>Attorneys for Defendants | **DAVID W. DEBRUIN, ESQ.**<br>**ISHAN K. BHABHA, ESQ.** |

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

On September 5, 2018, the Court heard oral argument in support of and in opposition to Defendants' motion "seeking an order directing Plaintiffs to show cause why a preliminary injunction should not be entered enjoining Plaintiffs and their counsel from seeking or placing into effect any judicial remedy from the Supreme Court of the County of Jefferson in the State of New York in the action *John Doe, et al. v. Syracuse University*, Index No. 2018-00001865, RJI No. 22-18-0762." *See* Dkt. No. 48 at 1. At the close of argument, the Court reserved decision and indicated that it would issue a written decision shortly. The following constitutes the Court's written disposition of this motion.[1,2]

---

[1] In addition to hearing argument regarding this motion, the Court also advised counsel that the Court would issue a briefing schedule for Defendants' motion to strike Plaintiffs' Third Amended Complaint and for Plaintiffs' motion to voluntarily dismiss this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and that Magistrate Judge Peebles would issue a Report and Recommendation regarding Defendants' motion for an Order requiring Plaintiffs to correct the caption and identify themselves by name. The Court issued its Scheduling Order on September 6, 2018, *see* Dkt. No. 73; and Magistrate Judge Peebles issued his Report and Recommendation on September 10, 2018, *see* Dkt. No. 74.

[2] The Court previously denied Defendants' motion requesting the entry of a Temporary Restraining Order regarding these same issues and stated that a written decision would be forthcoming. This written decision also applies to Defendants' motion for entry of a Temporary Restraining Order.

## II. DISCUSSION

Defendants assert that the Court has the authority to issue the preliminary injunction they seek under the All Writs Act, 28 U.S.C. § 1651, and the exceptions to that Act found in the Anti-Injunction Act, 28 U.S.C. § 2283.  "The All Writs Act grants federal courts authority to 'issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.'"  *United States v. Schurkman*, 728 F.3d 129, 135 (2d Cir. 2013) (quoting 28 U.S.C. § 1651(a)).  Courts, however, must read this statute in tandem with the Anti-Injunction Act, 28 U.S.C. § 2283, "which tempers the potency of the All Writs Act by limiting the circumstances under which a federal court may enjoin state court proceedings."  *Id.*  Pursuant to the Anti-Injunction Act, a federal court "'may not grant an injunction to stay proceedings in a State court except . . . to protect or effectuate its judgments.'"  *Id.* (quoting 28 U.S.C. § 2283).  Furthermore, "'[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy.'"  *Id.* (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970)).  Moreover, because "the Anti-Injunction Act's prohibitory provision 'rests on the fundamental constitutional independence of the States and their courts, the exceptions should not be enlarged by loose statutory construction.'"  *Id.* (quotation omitted).  Thus, "'[p]roceedings in state courts . . . should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the Supreme] Court.'"  *Id.* (quotation omitted).

Defendants rely on the "'protect or effectuate its judgments'" exception to the All Writs Act, which is often referred to as the "'relitigation exception.'"  *Wyly v. Weiss*, 697 F.3d 131, 139 (2d Cir.

-3-

2012) (quoting 28 U.S.C. § 2283). This exception, "which was 'designed to implement "well-recognized concepts" of claim and issue preclusion,' authorizes a federal court to enjoin 'state litigation of a claim or issue "that previously was presented to and decided by the federal court."'" *Id.* (quoting *Smith v. Bayer Corp.*, — U.S. —, 131 S. Ct. 2368, 2375, 180 L. Ed. 2d 341 (2011) (quoting *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147, 108 S. Ct. 1684, 100 L. Ed. 2d 127 (1988))). When applying this exception, "the Supreme Court has 'taken special care to keep it "strict and narrow,"' . . . because 'issuing an injunction under the relitigation exception is resorting to heavy artillery,' . . . ." *Id.* at 140 (internal quotations omitted). In fact, "'a court does not usually get to dictate to other courts the preclusion consequences of its own judgment. Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court' . . ." *Id.* (quoting [*Smith v. Bayer Corp.*, 131 S. Ct.] at 2375). Therefore, "'the fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue.'" *Id.* (quoting *Chick Kam Choo*, 486 U.S. at 151, 108 S. Ct. 1684); (citing *Mitchum v. Foster*, 407 U.S. 225, 243, 92 S. Ct. 2151, 32 L. Ed. 2d 705 (1972) (noting that the Anti-Injunction Act does not "qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding")).

Defendants argue that the injunction that the Supreme Court, Jefferson County (the "State Court"), recently imposed, in effect, nullified this Court's Order denying Plaintiffs' motion for a preliminary injunction, in which they sought an Order "requiring Defendant University to lift the hold on their academic files, including their transcripts, and to provide them with their transcripts without the notation 'Administrative Withdrawal – University Initiated.'" *See* Dkt. No. 24 at 4.

At the time that this Court denied Plaintiffs' motion for a preliminary injunction, Defendant

University's Conduct Board had rendered a decision adverse to all Plaintiffs, which Plaintiffs had appealed.  Defendant University's Appeals Board had not yet rendered a final decision and, therefore, at that time Plaintiffs did not have standing to file an Article 78 proceeding.[3] Furthermore, Plaintiffs did not seek to enjoin Defendant University from taking any other disciplinary action against them or preventing them from enrolling for the Fall 2018 semester.  The gravamen of Plaintiffs' motion was simply to enjoin Defendants from placing the "Administrative Withdrawal - University Initiated" notation on their transcripts because, they argued, such a notation would interfere with their ability to transfer to another institution.  In addition, although the Court found that Plaintiffs had not met the heightened burden necessary for the granting of a mandatory injunction, *i.e.*, a clear or substantial likelihood of success on the merits of their breach-of-contract claim, the Court did not determine that, once all the facts were before the Court, a reasonable factfinder could not find that Defendants had breached their contract with Plaintiffs.  Nor did the Court have any reason to decide, for purposes of Plaintiffs' motion, whether Defendants' actions had been arbitrary and capricious, which is the standard that the State Court will apply in the Article 78 proceeding.[4]

---

[3] Plaintiffs' counsel acknowledged at oral argument that, rather than commencing this action in federal court, Plaintiffs could have commenced this action in state court; and, then, once Defendant University's Appeals Board had rendered its final decision, they could have commenced an Article 78 proceeding in state court and consolidated the two actions, thereby avoiding the problem that they face now.

[4] The Court also notes that the Order to Show Cause that the State Court signed on August 27, 2018, only stayed the complained-of disciplinary action "on an **interim** basis" and prohibited Respondent Syracuse University, its employees and agents "from enforcing any adverse actions imposed or taken against Petitioners in connection with the complained of disciplinary determinations effective immediately until a hearing is had [on September 19, 2018] as to whether Petitioners are entitled to a preliminary stay of disciplinary action pending the final

(continued...)

There is no dispute that Defendants' disciplinary procedures and decisions are at the heart of the controversy between the parties in both the State Court Article 78 proceeding and in the action that Plaintiffs have filed in this Court. There are, however, differences between the two actions. In this case, Plaintiffs, in addition to their breach-of-contract claim, have asserted a claim for defamation against the individual Defendants, who are not parties to the Article 78 proceeding, and are seeking both compensatory and punitive damages, which are remedies that are not available to them in the Article 78 proceeding. In addition, the standard of review is different. In other words, to prevail on their breach-of-contract and defamation claims, Plaintiffs have to prove their case by a preponderance of the evidence, whereas, to prevail in the Article 78 proceeding, they have to prove that Syracuse University's disciplinary decisions were arbitrary and capricious.[5]

Moreover, the parties have already raised the issue of this Court's previous decision in the Article 78 proceeding, and they will have a further opportunity to do so at the hearing on September 19, 2018. There is no reason to believe that the State Court (McClusky, J.) is not capable of determining whether, and to what extent, this Court's previous decision is entitled to preclusive effect. Thus, "[b]ecause the issue is now squarely before the state court, an injunction would only serve to interfere with the state court's own decision making, and principles of comity and dual sovereignty militate strongly against federal intervention in this context." *AFSCME Council 4 v.*

---

[4](...continued)
resolution of this special proceeding pursuant to CPLR § 7805 and § 2221(e)[.]" *See* Dkt No. 51-2 at 2.

[5] The Court also notes that the parties are different. There are nine Plaintiffs in this action, none of whom are residents of the State of New York. The Petitioners in the State Court Article 78 proceeding include seven of the nine Plaintiffs in this action and three additional individuals, all of whom are residents of the State of New York. In addition, the individual Defendants in this action are not Respondents in the Article 78 proceeding.

*Jackson*, No. 3:12-CV-1420 (SRU), 2013 WL 1935015, *2 (D. Conn. May 9, 2013) (citing *Mitchum v. Foster*, 407 U.S. 225, 243 (1972) (noting that "'principles of equity, comity, and federalism . . . must restrain a federal court when asked to enjoin a state court proceeding'")) (other citation omitted).

Finally, although the disciplinary procedures and actions that Defendants took with regard to Plaintiffs are at issue in both cases, the Court must keep in mind that "'issuing an injunction under the relitigation exception is resorting to heavy artillery [and, therefore,] an injunction can issue only if preclusion is clear beyond peradventure[,]'" which it is not here.  *AFSCME Council 4*, 2013 WL 1935015, *2 (quoting *Smith v. Bayer Corp.*, 131 S. Ct. 2368, 2375-76 (2011)).  Moreover, "an 'injunction of state court proceedings, even where warranted, is discretionary' and 'the Supreme Court has admonished lower courts to refrain from enjoining state court proceedings unless absolutely necessary.'"  *Id.* (quoting *Staffer v. Bouchard Transp. Co., Inc.*, 878 F.2d 638, 644 (2d Cir. 1989)).  Under the circumstances of this case, the Court finds that it is unnecessary to enjoin the State Court's August 27, 2018 Order to Show Cause.[6]

### III. CONCLUSION

After reviewing the entire file in this matter, the parties' submissions and oral arguments, and the applicable law, and for the above-stated reasons, the Court hereby

---

[6] The Court also notes that enjoining the State Court proceedings would not entirely eliminate the need for the parties to litigate their dispute in two forums.  Even if this Court were to enjoin the State Court's Order to Show Cause, it could only do so with regard to the seven Petitioners who are also Plaintiffs in this case.  Thus, the State Court's Order to Show Cause would remain in effect with regard to the three Petitioners who are not Plaintiffs in this action, thus necessitating that the parties continue to litigate in both forums.

**ORDERS** that Defendants' motion for a preliminary injunction "enjoining Plaintiffs and their counsel from seeking or placing into effect, any judicial remedy from the Supreme Court of the County of Jefferson in the State of New York in the action *John Doe, et al. v. Syracuse University*, Index No. 2018-00001865, RJI No. 22-18-0762," *see* Dkt. No. 48, is **DENIED**.

**IT IS SO ORDERED.**

Dated: September 18, 2018
       Syracuse, New York

                                      Frederick J. Scullin, Jr.
                                      Senior United States District Judge