

**JOHN G. POWERS**
jpowers@hancocklaw.com

September 24, 2018

<u>**VIA ECF**</u>

Hon. Frederick J. Scullin, Jr.
United States Senior District Judge
Federal Building & U.S. Courthouse
Syracuse, New York 13261

   **Re:** *John Does #1-9 v. Syracuse University et al.*, **5:18-CV-496 (FJS/DEP)**

Dear Judge Scullin:

   This letter is submitted on behalf of Defendants, Syracuse University, Kent Syverud, Robert Hradsky, and Teresa Abi-Nader Dahlberg, (collectively, the "University") in response and opposition to Plaintiffs' recent letter motion requesting that the Court adjourn proceedings on Defendants' motion to dismiss pending the resolution of other motions before the Court. *See* Dkt. No. 79. The University, which was not consulted before Plaintiffs sought this request, opposes Plaintiffs' motion.

   Rule 6(b)(1) provides that a Court may only extend a time to respond for "good cause." Plaintiffs have failed to show good cause—indeed, they have failed to show *any* cause—for why a second (and indefinite) delay in responding to the University's motion to dismiss is appropriate and why they are prevented from responding to the University's motion under the current schedule. Plaintiffs' request is an unjustified attempt to avoid this Court's substantive review of the merits of their claims.

   *First*, Plaintiffs appear to assume that their motion to voluntarily dismiss this action without prejudice should take precedence over University's earlier-filed motion to dismiss the action with prejudice. A grant of either motion would have the effect of mooting the other, but with differing consequences for the parties. In this situation there is no basis for the Court to deviate from the normal process of adjudicating motions based on the time at which they are filed. If Plaintiffs were to succeed in extending the deadline, the University would be unfairly prejudiced because it elevates Plaintiffs' motion to dismiss over the University's. From the University's perspective, the pending motions should proceed on parallel tracks.

   *Second*, Plaintiffs are incorrect that if the Court denies the University's motion to strike the Third Amended Complaint, the University's current motion to dismiss would be moot. As discussed in the University's motion to dismiss, we believe Plaintiffs have not— *and cannot*—state a valid claim for relief. Thus, even if the Court does not strike the Third

Amended Complaint as improperly filed in violation of the Federal Rules of Civil Procedure, it still should consider the pending motion to dismiss as against the claims in that complaint.

*Third*, Plaintiffs' efforts here are another attempt to delay this litigation in favor of the currently pending Article 78 proceedings in New York state court.  This Court's rulings have indicated that the two proceedings should proceed in parallel.  Plaintiffs thus should not be permitted, through a request for an indefinite extension on a dispositive motion, to halt this proceeding in favor of their preferred state forum.

In short, the Court should reject Plaintiffs' request for this Court to stay consideration of the University's motion to dismiss.  The University, therefore, respectfully requests that you deny Plaintiffs' letter motion. *See* Dkt. No. 79.

Thank you for your prompt consideration of this matter.

Respectfully Submitted,

HANCOCK ESTABROOK, LLP

*s/ John G. Powers*

John G. Powers

cc:     All counsel of record via ECF.

{H3430815.1}