UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JOHN DOE #1, *et al.*, | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.** |
| | ) | **5:18-CV-0496 (FJS/DEP)** |
| SYRACUSE UNIVERSITY, *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTIONS IN PART TO MAGISTRATE'S REPORT AND RECOMMENDATION, ECF NO. 74, REGARDING PLAINTIFFS' ABILITY TO PROCEED USING PSEUDONYMS**

| | |
|---|---|
| David W. DeBruin, Esq. | John G. Powers, Esq. |
| (*pro hac vice*) | (Bar Roll #: 508934) |
| Ishan K. Bhabha, Esq. | Paul J. Tuck, Esq. |
| (*pro hac vice*) | (Bar Roll #: 520814) |
| JENNER & BLOCK LLP | HANCOCK ESTABROOK, LLP |
| 1099 New York Avenue, N.W. | AXA Tower I, Suite 1500 |
| Suite 900 | 100 Madison Street |
| Washington, DC 20001-4412 | Syracuse, NY 13202 |
| (202) 639-6015 | (315) 565-4500 |
| ddebruin@jenner.com | jpowers@hancocklaw.com |

*Attorneys for Defendants*

Defendants Syracuse University, Kent Syverud, Robert Hradsky, and Teresa Abi-Nader Dahlberg respectfully submit this memorandum of law in support of their objections in part, as identified below, to the Magistrate Judge Peebles' Report and Recommendation, ECF No. 74, regarding Plaintiffs' ability to proceed using "John Doe" pseudonyms.

**BACKGROUND AND IDENTIFICATION OF OBJECTIONS**

1. Plaintiffs filed their initial Complaint in this matter on April 24, 2018. ECF No. 1. In their initial Complaint, and in each subsequent Amended Complaint, each Plaintiff has identified himself only as a "John Doe." *See* ECF No. 1 (Complaint); ECF No. 26 (Amended Complaint); ECF No. 42 (Second Amended Complaint); ECF No. 60 (Third Amended Complaint).

2. On June 18, 2018, Defendants filed a motion requesting an order requiring Plaintiffs to correct the caption of their Complaint and to publicly identify themselves by name, in accordance with Fed. R. Civ. P. 10(a) ("[t]he title of [a] complaint must name all the parties") and Fed. R. Civ. P. 17(a) ("an action must be prosecuted in the name of the real party in interest"). The requirement of Rule 10(a) "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188-89 (2d Cir. 2008).

3. In a Report and Recommendation filed on September 10, 2018, Magistrate Judge Peebles concluded that Plaintiffs were entitled to proceed using pseudonyms under the narrow, multi-factor exception to the mandate of Rules 10(a) and 17(a) authorized by *Sealed Plaintiff*, 537 F.3d at 189. *See* Report and Recommendation, ECF No. 74. Of the ten factors identified in *Sealed Plaintiff*, Magistrate Judge Peebles found that four factors favored *disclosure* of identity, while six factors favored allowing Plaintiffs to proceed using pseudonyms. ECF No. 74, at 10-27. In

addition, with regard to several of the factors, Magistrate Judge Peebles identified considerations cutting both ways. *Id.*

4. Since the time that Defendants filed their motion under Rules 10(a) and 17(a), there has been extensive additional litigation in this matter. Of particular relevance to the instant motion, Defendants have moved to dismiss Plaintiffs' Second Amended Complaint for failure to state a claim. ECF No. 44. Subsequently, on August 27, 2018, Defendants filed an Answer to Plaintiffs' Second Amended Complaint, ECF No. 46, and, accordingly, Defendants' motion to dismiss should be treated as a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c). *See Patel v. Contemporary Classics of Bevrly Hills*, 259 F.3d 123, 125-26 (2d Cir. 2001). Plaintiffs have opposed this motion and it remains pending, subject to a scheduling order entered by this Court, *see* ECF No. 52; if granted, the motion would result in a dismissal of Plaintiffs' claims with prejudice. Plaintiffs, for their part, filed a Third Amended Complaint on August 30, 2018 (without obtaining leave of court, even though Defendants had answered the Second Amended Complaint), *see* ECF No. 60, and Plaintiffs then filed a motion to *dismiss* this action voluntarily, without prejudice. *See* ECF No. 62. Defendants have filed an opposition to this motion and it remains pending, again subject to a scheduling order entered by this Court, *see* ECF No. 73; if granted, Plaintiffs' motion also would result in a dismissal of Plaintiffs' claims, but without prejudice.

5. Thus, both Defendants and Plaintiffs have motions that are pending that could resolve this case and remove it from the Court's docket, either with or without prejudice. With regard to Defendants' motion under Rules 10(a) and 17(a), addressed in Magistrate Judge Peebles' Report and Recommendation, Defendants agree that Plaintiffs should not be required to identify themselves if either Defendants' or Plaintiffs' motion to dismiss is granted, and the case is removed from the Court's docket. Thus, although Defendants have objections to Magistrate Judge Peeble's

recommendation as identified below, and seek to preserve those objections in the event that this case proceeds beyond the pending motions to dismiss, Defendants agree that their objections may be held in abeyance pending this Court's disposition of those motions.

6.  In addition, Defendants object to the Report and Recommendation to the extent it contains certain factual errors, which should be corrected by this Court. First, Magistrate Judge Peebles reported that "Defendant Hradsky has also stated that the video depicted 'sexual and relationship violence.'" Report and Recommendation, ECF No. 74, at 11. In support of this statement, Judge Peebles cited a declaration of John Doe #1, ECF 5-2, at 9. John Doe claimed that Mr. Hradsky made the statement referenced by Magistrate Judge Peebles, but Doe #1 provided no support for his assertion. Plaintiffs make the same assertion in their Third Amended Complaint, ECF No. 60, at ¶ 47(a), and claim that evidence of the statement is included in Exhibit A to the Third Amended Complaint, ECF No. 60-1. The statement does not, in fact, appear in that Exhibit A. In fact, what Mr. Hradsky actually stated is that the University Conduct Board was composed of students, faculty and staff who are chosen through an application process and are *trained* in areas such as sexual and relationship violence, as well as harassment. *See* http://dailyorange.com/2018/04/su-will-not-publicly-release-names-students-theta-tau-investigation/.

7.  Second, Magistrate Judge Peebles reported that the University continued to operate under Title IX procedures when it addressed the accusations against Plaintiffs. ECF No. 74 at 4 n.2. Although that is technically correct, the Title IX *procedures* simply provided additional protections for Plaintiffs, including, but not limited to, the right to hire attorneys as procedural advisors. *See* Declaration of Gabriel M. Nugent, ECF No. 20-1, at ¶¶ 18-21. It is important for the record to be clear, however, that the University dismissed the Title IX *charges* against

Plaintiffs, so there is no issue in the case whether Plaintiffs' conduct violated Title IX.  *Id*. at ¶¶ 27-35.

## ARGUMENT

In the event this action *does* proceed, Defendants respectfully submit that Magistrate Judge Peebles erred in his weighing of the factors in *Sealed Plaintiff*.  For the reasons stated in Defendants' underlying memorandum of law in support of their motion, *see* ECF No. 19-1, which Defendants respectfully incorporate herein, Defendants object to Judge Peebles' recommendation and ask the Court to weigh the ten *Sealed Plaintiff* factors independently.  In particular, if this action proceeds, there will be heightened public interest in this lawsuit, and there will be even greater need for each Plaintiff to submit individualized evidence, including potential testimony, in support of his claims.  There is no adequate justification for Plaintiffs to submit such evidence anonymously, when Plaintiffs admit that the videos at issue already are publicly available on the Internet, *see* Report and Recommendation, ECF No. 74, at 3 n.1, and when Plaintiffs themselves contend they had a right to speak freely and openly with regard to the statements at issue, which were made in a large group event on campus and had a high likelihood of being disseminated publicly, as they were.

In addition, this Court has an independent interest in determining when proceedings before this Court may be shielded from public observation and scrutiny.  Thus, Defendants submit that this Court may, and should, evaluate independently the ten *Sealed Plaintiff* factors discussed in the Report and Recommendation.  Several of those factors serve interests of the Court and of the public at large, and Defendants submit that those factors strongly support the openness of these proceedings.  *See*, *e.g.*, *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 514 (S.D.N.Y. 1997) *aff'd*, 136 F.3d 313 (2d Cir. 1998) (stating that "the district judge retains the power to engage

in *sua sponte* review of any portion of the magistrate's report and recommendation, regardless of the absence of objections" (internal quotation marks omitted)).

Finally, the factual errors in the Report and Recommendation should be corrected, on the grounds set forth above. *See supra*, at ¶¶ 6-7.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully petition this Court to review and modify Magistrate Peebles' Report and Recommendation, ECF No. 74, and—if the case proceeds beyond the pending motions to dismiss—to require Plaintiffs to correct the caption of their Complaint and to publicly identify themselves by name, in accordance with Fed. R. Civ. P. 10(a) and Fed. R. Civ. P. 17(a).

Dated:  September 24, 2018                               Respectfully submitted,

                                                                              **/s/ John G. Powers**

                                                                              John G. Powers

| JENNER & BLOCK LLP | HANCOCK ESTABROOK, LLP |
|---|---|
| David W. DeBruin (*pro hac vice*) | John G. Powers (Bar Roll #: 508934) |
| Ishan K. Bhabha (*pro hac vice*) | Paul J. Tuck (Bar Roll #: 520814) |
| 1099 New York Avenue, N.W., Suite 900 | AXA Tower I, Suite 1500 |
| Washington, DC 20001-4412 | 100 Madison Street |
| (202) 639-6015 | Syracuse, NY 13202 |
| ddebruin@jenner.com | (315) 565-4500 |
| | jpowers@hancocklaw.com |

*Attorneys for Defendants*