

250 South Clinton Street, Suite 600
Syracuse, New York 13202

Telephone 315-474-2911
Facsimile 315-474-6015

**Karen G. Felter**
Partner
kfelter@smithsovik.com

September 24, 2018

*With Offices in*
*Syracuse | Buffalo | Long Island*

**VIA ECF**

Hon. Frederick J. Scullin
United States District Judge
Federal Building and U.S. Courthouse
100 South Clinton Street
P. O. Box 7255
Syracuse, NY 13261-7345

      Re:   *Doe v. Syracuse University, et al*
             Civil Action No.: 5:18-CV-00496 [FJS-DEP]

Dear Judge Scullin:

      In connection with defendants' opposition to plaintiffs' letter motion, (Dkt. # 80), I respectfully submit the following:

      Plaintiffs do not assume that their motion for voluntary dismissal should take precedence over defendants' motion to dismiss the Second Amended Complaint on the merits. Rather, it is the filing of the Third Amended Complaint in response to defendants' motion to dismiss which requires the Court to consider the latter filed two motions first.[1]

---

[1] Because the Court granted plaintiffs leave to file the First Amended Complaint and defendants stipulated to accept the Second Amended Complaint, plaintiffs' Third Amended Complaint was the first amendment as of course. *See Azkour v. Bowery Residents' Comm. Inc.*, No. 13-CV-5878, 2017 WL 4221456, at *2 (S.D.N.Y. Sept. 22, 2017) ("[T]he phrase plaintiff emphasizes in his motion—'once as a matter of course'—cannot be read in a vacuum; rather, it is subject to the time limits that immediately follow. *See* Fed. R. Civ. P. 15(a) (1) (A)-(B). In other words, Rule 15 (a) (1) does not allow a party to retain a one-time option to 'amend ... as a matter of course' in perpetuity, but **limits that option to the 21-day window** set forth in Rule 15(a)(1)(B); *see also Ramirez v. County of San Bernardino*, 806 F.3d 1002 (9th Cir. 2015) ("Rule 15 is organized substantively, not chronologically. It does not prescribe any particular sequence for the exercise of its provisions. That is, it does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made."). Here, plaintiffs' Third Amended Complaint was filed within 20 days of defendants' motion to dismiss and within 3 days of defendants' Answer to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15 (a) (1) (B).

Smith Sovik Kendrick & Sugnet P.C.

September 24, 2018
Page 2

      Where a plaintiff seeks to amend the complaint while a motion to dismiss is pending, a court "has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light of the amended complaint." *Hamzik v. Office for People with Developmental Disabilities*, 859 F. Supp. 2d 265, 273–74 (N.D.N.Y. 2012) (citing *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F.Supp.2d 376, 384 (D. Conn. 2008). Further,

> It is well established that an amended complaint *ordinarily* supersedes the original and renders it of no legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998). Moreover, *"[t]ypically*, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Brown v. Napoli*, No. 07–CV–838, 2008 WL 4507590, at *2 (W.D.N.Y. Sep. 29, 2008) (citing *Haywood v. Republic Tobacco, Co., L.P.*, No. 05–CV–842A, 2007 WL 1063004 (W.D.N.Y. Apr. 6, 2007)).

*Gorman v. Rensselaer Cty.*, 98 F. Supp. 3d 498, 500 (N.D.N.Y. 2015); *Hutchinson v. Watson*, No. 9:13-CV-862 (FJS/RFT), 2014 WL 11515849, at *8 (N.D.N.Y. Aug. 13, 2014), *aff'd*, 607 F. App'x 116 (2d Cir. 2015) (amended complaint ordinarily supercedes the original and renders it of no legal effect) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)).

      Until their letter today, defendants had not requested that the Court consider the merits of their motion to dismiss in light of the Third Amended Complaint. Instead, defendants moved to strike the Third Amended Complaint. However, even if the Court considers the present motion to dismiss as against the Third Amended Complaint, it *still* must resolve the merits of defendants' motion to strike that pleading. The Court cannot reasonably determine the merits of defendants' motion to dismiss before resolving *which pleading* it should be addressed to.

      Finally, if the Court *grants* defendants' motion to strike, it will clarify for all parties and the Court that it is the merits of the Second Amended Complaint's allegations that are at issue. If the Court *denies* defendants' motion to strike, it will leave the Third Amended Complaint intact, thus triggering the "ordinary" and "typical" procedure described above. To wit, Dkt. # 44 should be denied as moot. However, even if Dkt. # 44 is deemed to apply to the Third Amended Complaint, reason and judicial efficiency urge consideration of plaintiffs' motion for voluntary dismissal *first*. A contrary analysis could result in dismissal on the merits of the Third Amended Complaint which the Court could have, in its discretion, ordered dismissed voluntarily *without prejudice*.

      I believe the foregoing and plaintiffs' prior letter (Dkt. # 79) are sufficient to comply with N.D.N.Y. Local Rule 7.1 (j) regarding why the Court should grant an adjournment. Insofar as a return date, plaintiffs did not suggest one because it is unclear how much time the Court will need to adjudicate

Smith Sovik Kendrick & Sugnet P.C.

September 24, 2018
Page 3

Dkt. #'s 62 and 72. Nevertheless, plaintiffs do not contend that Dkt # 44 should be adjourned "indefinitely." Rather, the motion should be held in abeyance or adjourned to a date that follows reasonably and shortly after Dkt. #'s 62 and 72 are resolved.

    Thank you for your consideration of this matter.

                                Respectfully,

                                Karen G. Felter

cc:    All Counsel of Record via ECF