**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN DOE #1, JOHN DOE #3, and JOHN DOE #5,

                          Plaintiffs,                       5:18-cv-00496 (BKS/ML)

v.

SYRACUSE UNIVERSITY, KENT SYVERUD,
individually and as Chancellor of Syracuse University,
ROBERT HRADSKY, individually and as Syracuse
University Dean of Students and Associate Vice
President of the Student Experience, and TERESA
ABI-NADER DAHLBERG, individually and as the
Dean of the College of Engineering and Computer
Science,

                          Defendants.

---

**Appearances:**

*For Plaintiffs:*
Karen G. Felter
Kevin E. Hulslander
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton Street, Suite 600
Syracuse, NY 13202

*For Defendants:*
John G. Powers
Hancock Estabrook, LLP
AXA Tower I, Suite 1500
100 Madison Street
Syracuse, NY 13202

David W. DeBruin
Ishan K. Bhabha
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington DC 20001-4412

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

I.      **INTRODUCTION**

Three unidentified plaintiffs ("Plaintiffs") bring this diversity action against Syracuse University, Kent Syverud, Robert Hradsky, and Teresa Abi-Nader Dahlberg (collectively, "Defendants"), alleging breach of contract, violation of an implied covenant of good faith and fair dealing, and defamation claims. (Dkt. Nos. 42, 60).[1] Defendants moved to correct the case caption and have Plaintiffs identify themselves, pursuant to Federal Rules of Civil Procedure 10(a) and 17(a). (Dkt. No. 19). Plaintiffs opposed this motion. (Dkt. No. 25).

This matter was referred to United States Magistrate Judge David E. Peebles who, on September 10, 2018, issued a Report and Recommendation recommending that Defendants' motion to correct the case caption be denied. *Doe v. Syracuse Univ.*, No. 18-cv-0496, 2018 WL 7079489, 2018 U.S. Dist. LEXIS 154899 (N.D.N.Y. Sept. 10, 2018). Magistrate Judge Peebles advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days to file written objections to the report and that the failure to object to the report within fourteen days would preclude appellate review. *Id.*, 2018 WL 7079489, at *10, 2018 U.S. Dist. LEXIS 154899, at *28. Defendants filed an objection to the Report and Recommendation, arguing that Magistrate Judge Peebles made two factual errors and erred in weighing the relevant factors. (Dkt. No. 81). Plaintiffs responded to Defendants' objections. (Dkt. No. 86).[2] For the reasons set forth below, the Report and Recommendation is adopted in its entirety.

---

[1] Plaintiffs filed a Third Amended Complaint following Defendants' motion to dismiss the Second Amended Complaint. (Dkt. Nos. 44, 60). Defendants have moved to strike the Third Amended Complaint. (Dkt. No. 72). Defendants' motions are pending.

[2] This case was reassigned to the undersigned on April 1, 2020.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection identifies the specific portions of the [Report and Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id.*

## III.    DISCUSSION

### A.     Report and Recommendation

The Court presumes the parties' familiarity with the facts as described in the Report and Recommendation. *Doe*, 2018 WL 7079489, at *1–2, 2018 U.S. Dist. LEXIS 154899, at *2–4. In the Report and Recommendation, Magistrate Judge Peebles first noted that Federal Rules of Civil Procedure 10(a)[3] and 17(a),[4] which require all parties to be named, "further the fundamental right of public access to the courts" because "the public has a right to know who is utilizing the courts." *Id.*, 2018 WL 7079489, at *3, 2018 U.S. Dist. LEXIS 154899, at *6.

However, Magistrate Judge Peebles noted that "[c]ourts have recognized a narrow exception to the rules requiring disclosure of party identities in cases where individual privacy

---

[3] Rule 10(a) states that "[t]he title of the complaint must name all parties." Fed. R. Civ. P. 10(a).

[4] Rule 17(a) states that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a).

concerns are implicated in a case," and the "decision as to whether to permit a litigant to proceed

anonymously is entrusted to the sound discretion of the court." *Id.*, 2018 WL 7079489, at *3,

2018 U.S. Dist. LEXIS 154899, at *7. Magistrate Judge Peebles cited to Second Circuit law,

establishing "a list of ten, non-exhaustive factors that courts should consider when determining

whether to permit a party to proceed anonymously." *Id.* (citing *Sealed Plaintiff v. Sealed*

*Defendant*, 537 F.3d 185, 190 (2d Cir. 2008)). Those factors include:

> (1) whether the litigation involves matters that are highly sensitive
> and of a personal nature; (2) whether identification poses a risk of
> retaliatory physical or mental harm to the party seeking to proceed
> anonymously or even more critically, to innocent non-parties; (3)
> whether identification presents other harms and the likely severity
> of those harms; (4) whether the plaintiff is particularly vulnerable to
> the possible harms of disclosure; (5) whether the suit is challenging
> the actions of the government or that of private parties; (6) whether
> the defendant is prejudiced by allowing the plaintiff to press his
> claims anonymously, whether the nature of that prejudice (if any)
> differs at any particular stage of the litigation, and whether any
> prejudice can be mitigated by the district court; (7) whether the
> plaintiff's identity has thus far been kept confidential; (8) whether
> the public's interest in the litigation is furthered by requiring the
> plaintiff to disclose his identity; (9) whether, because of the purely
> legal nature of the issues presented or otherwise, there is an atypical
> weak public interest in knowing the litigants' identities; and (10)
> whether there are any alternative mechanisms for protecting the
> confidentiality of the plaintiff.

*Id.*, 2018 WL 7079489, at *3, 2018 U.S. Dist. LEXIS 154899, at *7–8 (quoting *Sealed Plaintiff*,

537 F.3d at 190 (citations and internal quotation marks omitted)).

Magistrate Judge Peebles then thoroughly analyzed how each of these ten factors apply to

this case. *Id.*, 2018 WL 7079489, at *4–9, 2018 U.S. Dist. LEXIS 154899, at *9–27. He reasoned

that six out of the ten factors weighed in favor of anonymity: (1) "[w]hether the litigation

involves matters that are highly sensitive and of a personal nature," (2) "[w]hether identification

poses a risk of retaliatory physical or mental harm to Plaintiffs or to innocent non-parties," (3)

"[w]hether Plaintiffs will suffer additional harms from public identification," (4) "[w]hether Defendants would be prejudiced by allowing Plaintiffs to proceed anonymously," (5) "[w]hether Plaintiffs' identities have been kept confidential thus far," and (6) "[w]hether there are any alternative mechanisms for protecting the confidentiality of Plaintiffs." *Id.* Conversely, four factors weighed in favor of the disclosure of Plaintiffs' identities: (1) "[w]hether Plaintiffs are particularly vulnerable to the possible harms of disclosure," (2) "[w]hether suit is challenging the actions of the government or those of private parties," (3) "[w]hether the public's interest in the litigation is furthered by requiring Plaintiffs to disclose their identities," and (4) "whether there is an atypical weak public interest in the litigation." *Id.*

Magistrate Judge Peebles "recognize[d] the strong public policy favoring public access to the judicial documents and proceedings," but "conclude[d] that the overriding concerns associated with requiring plaintiffs to divulge their identities . . . weigh against granting defendants' motion to require plaintiffs to reveal their identities and therefore trump the public's presumptive right of access." *Id.*, 2018 WL 7079489, at *10, 2018 U.S. Dist. LEXIS 154899, at *27. Thus, he recommended that "the court exercise its discretion by permitting plaintiffs to proceed as Doe plaintiffs in this action." *Id.*, 2018 WL 7079489, at *10, 2018 U.S. Dist. LEXIS 154899, at *28.

### B.    Analysis

#### 1.    Alleged Factual Errors

Defendants contend that the Report and Recommendation contains two factual errors. (Dkt. No. 81-2, at 4–5). First, Defendants argue that Magistrate Judge Peebles erred in stating that "Defendant Hradsky has . . . stated that the video depicted 'sexual and relationship violence.'" (*Id.* (quoting *Doe*, 2018 WL 7079489, at *4, 2018 U.S. Dist. LEXIS 154899, at *10)). Second, Defendants contend that "although technically correct," Magistrate Judge Peebles

5

erred when he stated that "the University continued to operate under Title IX procedures when it addressed the accusations against Plaintiffs." (*Id.* at 4).

### a.      Defendant Hradsky's statement

As to Defendant Hradsky's statement, Magistrate Judge Peebles cited to an affidavit by John Doe #1 that stated that "Dean of Students, Robert Hradsky, erroneously stated the video depicted 'sexual and relationship violence.'" (Dkt. No. 5-2, at 9). Defendants argue that Magistrate Judge Peebles erred because "[i]n fact, what Mr. Hradsky actually stated is that the University Conduct Board was composed of students, faculty and staff who are chosen through an application process and are *trained* in areas such as sexual and relationship violence, as well as harassment." (Dkt. No. 81-2, at 4). In support, Defendants cite to a newspaper article published by the Daily Orange. (*Id.*).

However, Magistrate Judge Peebles accurately quoted from the record, and Defendants do not contend that this newspaper article cited in their Objection was in the record before Magistrate Judge Peebles. "[C]ourts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." *Humphreys v. Cablevision Sys. Corp.*, No. 10-cv-4737, 2012 WL 5289566, at *2, 2012 U.S. Dist. LEXIS 152920, at *4 (E.D.N.Y. Oct. 23, 2012) (quoting *Tavares v. City of New York,* No. 08-cv-3782, WL 5877548, at * 2, 2011 U.S. Dist. LEXIS 135390, at *6 (S.D.N.Y. Nov. 23, 2011), *aff'd*, 553 F. App'x 13 (2d Cir. 2014)). Furthermore, even if it were in the record, it is unclear if Defendant Hradsky's statements in the article are the same statements John Doe #1 was referencing in his affirmation. (*See* Dkt. No. 5-2, at 9). Thus, while "judge[s] may . . . receive further evidence" when reviewing a Report-Recommendations, *Petersen*, 2 F. Supp. 3d at 228 (quoting 28 U.S.C. § 636(b)(1)), the Court declines to consider the newspaper article here. *See Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 894 F.2d 36, 40 (2d Cir. 1990)

(rejecting the claim that the district court had impermissibly denied the opportunity to present additional testimony upon review of the magistrate judge's report because, inter alia, "it [was] not at all clear that the additional testimony would have been helpful"). Moreover, even if the Court were to reject this finding regarding Defendant Hradsky's statement, Defendants have not articulated its relevance to Magistrate Judge Peebles's ultimate conclusion that the *Sealed Plaintiff* factors weigh in favor of allowing Plaintiffs to proceed under pseudonyms. Accordingly, Defendants' objection does not provide any basis to reject Magistrate Judge Peebles' recommendation.

### b.      Title IX Procedures

In the Report and Recommendation, Magistrate Judge Peebles noted that Syracuse University "continued to operate under Title IX procedures when it addressed the accusations against the plaintiffs" even though "the University had withdrawn its Title IX claims" during deliberations. *Doe*, 2018 WL 7079489, at *2 n.2, 2018 U.S. Dist. LEXIS 154899, at *4 n.2. This was factually supported by the record. *See* Dkt. No. 26 at 17; Dkt. No.14-8, at 2. Defendants admit that this is "technically correct" but nevertheless assert that "[i]t is important for the record to be clear . . . that the University dismissed the Title IX *charges* against Plaintiffs." (Dkt. No. 81-2, at 5–6). Plaintiffs argue that "[b]ecause there is nothing factually wrong with Judge Peebles' observation that Defendants' utilized Title IX procedures to conduct the disciplinary proceedings against Plaintiffs, this objection has no merit." (Dkt. No. 86, at 7). The Court agrees. Defendants' objection "fail[s] to state any basis whatsoever, much less a specific one" supporting the contention that Magistrate Judge Peebles erred. *Brown v. Peters*, No. 95-cv-1641, 1997 WL 599355, at *2, 1997 U.S. Dist. LEXIS 14718, at *6–7 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999).

### 2.     Alleged Legal Error

Defendants object to the Report and Recommendation on the grounds that "Magistrate Judge Peebles erred in his weighing of the factors in *Sealed Plaintiff*." (Dkt. No. 81-2, at 5). Specifically, "[f]or the reasons stated in Defendants' underlying memorandum of law in support of their motion . . . Defendants object to Judge Peebles' recommendation and ask the Court to weigh the ten *Sealed Plaintiff* factors independently." (*Id.* (citing Dkt. No. 19-1)). Defendants assert that "if this action proceeds, there will be heightened public interest in this lawsuit," and "[t]here will be even greater need for each Plaintiff to submit individualized evidence, including potential testimony, in support of his claims." (*Id.*). Defendants argue that the Court "retains the power to engage in *sua sponte* review of any portion of the magistrate's report and recommendation, regardless of the absence of objections." (*Id.* (quoting *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 514 (S.D.N.Y. 1997), *aff'd*, 136 F.3d 313 (2d Cir. 1998))). Plaintiffs contend that "Defendants' objections regarding Magistrate Judge Peebles' careful balancing of a ten-factor test—embodied in a twenty-eight page Report and Recommendation—amount to nothing more than the conclusory claim that he got it wrong," and so they should be "rejected as insufficient" to warrant de novo review. (Dkt. No. 86, at 8).

The Court agrees with Plaintiffs. "[W]hen an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." *Petersen*, 2 F. Supp. 3d at 229; *see also Brown*, 1997 WL 599355, at *2, 1997 U.S. Dist. LEXIS 14718, at *7 ("When the parties make only frivolous, conclusive, or general objections, the court reviews the report-recommendation for clear error.") (collecting cases). Defendants "simply reiterate [their] arguments, presented in [their] papers submitted to Magistrate Judge Peebles, as to why" the Sealed Plaintiff factors weigh in favor of disclosure.

*Whipple v. Astrue*, No. 08-cv-1356, 2011 WL 1299337, at *3, 2011 U.S. Dist. LEXIS 34384, at

*11 (N.D.N.Y. Mar. 31, 2011), *aff'd*, 479 F. App'x 367 (2d Cir. 2012). Thus, while Defendants

are correct that the Court could review the Report and Recommendation de novo, *Greene*, 956 F.

Supp. at 514, it declines to do so given the lack of specific objections. *See Perez v. New York*

*City Dep't of Corr.*, No. 10-cv-2697, 2012 WL 3704744, at *1, 2012 U.S. Dist. LEXIS 121440,

at *3 (E.D.N.Y. Aug. 27, 2012). Reviewing Magistrate Judge Peebles's conscientious weighing

of the *Sealed Plaintiff* factors for clear error, the Court finds none. Accordingly, the Report and

Recommendation is adopted.

## IV.    CONCLUSION

For these reasons, it is

**ORDERED** that the Report and Recommendation (Dkt. No. 74) is **ADOPTED** in its

entirety; and it is further

**ORDERED** that Defendants' Motion to Correct the Case Caption (Dkt. No. 19) is

**DENIED**; and it is further

**ORDERED** that the Clerk serve a copy of this Order on the parties in accordance with

the Local Rules.

**IT IS SO ORDERED.**

Dated:  April 28, 2020
        Syracuse, New York

Brenda K. Sannes
U.S. District Judge