**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

JOHN DOE #1, JOHN DOE #3, and JOHN DOE #5,

                              Plaintiffs,                    5:18-cv-00496 (BKS/ML)

v.

SYRACUSE UNIVERSITY, KENT SYVERUD,
individually and as Chancellor of Syracuse University,
ROBERT HRADSKY, individually and as Syracuse
University Dean of Students and Associate Vice
President of the Student Experience, and TERESA
ABI-NADER DAHLBERG, individually and as the
Dean of the College of Engineering and Computer
Science,

                              Defendants.

_____

**Appearances:**

*For Plaintiffs:*
Karen G. Felter
Kevin E. Hulslander
Smith, Sovik, Kendrick & Sugnet, P.C.
250 South Clinton Street, Suite 600
Syracuse, NY 13202

*For Defendants:*
John G. Powers
Hancock Estabrook, LLP
AXA Tower I, Suite 1500
100 Madison Street
Syracuse, NY 13202

David W. DeBruin
Ishan K. Bhabha
Jenner & Block LLP
1099 New York Avenue, N.W.
Suite 900
Washington DC 20001-4412

**Hon. Brenda K. Sannes, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

Three John Doe plaintiffs ("Plaintiffs") bring this action against Defendants Syracuse University, Kent Syverud, Robert Hradsky, and Teresa Abi-Nader Dahlberg, alleging breach of contract, violation of an implied covenant of good faith and fair dealing, and defamation claims. (Dkt. No. 42). Presently before the Court is Defendants' motion to strike Plaintiffs' Third Amended Complaint. (Dkt. No. 72). The parties have filed responsive papers. (Dkt. Nos. 87, 92). For the reasons set forth below, Defendants' motion to strike is denied.

## II.     BACKGROUND

Plaintiffs initiated this lawsuit on April 24, 2018, and served summonses and complaints on the Defendants on April 26th. (Dkt. Nos. 1, 9). The parties twice stipulated to an extension of Defendants' time to respond, (Dkt. Nos. 10, 12), which the Court granted. (Dkt. Nos. 11, 13). On June 13, 2018, Plaintiffs filed an emergency motion requesting a temporary restraining order and preliminary injunction. (Dkt. No. 14). As part of their motion, Plaintiffs requested leave to amend their complaint, pursuant to Federal Rule of Civil Procedure 15(a)(2). (Dkt. No. 14-17, at 2). The Court heard oral argument on the motion on June 21, 2018. During the hearing, Defendants stated that they had no objection to the amendment because they "believe[d] there is an automatic right to amend" because Defendants had not yet answered the Complaint. (Dkt. No. 75, at 2). Plaintiffs responded that their motion to amend "was a cautionary measure . . . [because] frankly, [Plaintiffs' counsel] wasn't sure whether 15(a) would allow an amendment of right after 21 days of service." (*Id.* at 3). The Court granted Plaintiffs' motion to amend, (*id.*; Dkt. No. 23), and denied their request for a preliminary injunction. (Dkt. No. 24).

On July 9, 2018, Plaintiffs filed an Amended Complaint. (Dkt. No. 26). On July 18, 2018, the parties stipulated that Defendants' time to respond to the Amended Complaint would be extended until July 30, 2018, (Dkt. No. 27), which the Court granted. (Dkt. No. 28). On July 27, 2018, the parties stipulated to allow Plaintiffs to file a Second Amended Complaint and to extend Defendants' time to respond, (Dkt. No. 35), which the Court granted. (Dkt. No. 36). Plaintiffs filed their Second Amended Complaint on August 3, 2018. (Dkt. No. 42). Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on August 10, 2018. (Dkt. No. 44).

Defendants filed an Answer to the Second Amended Complaint on August 27, 2018. (Dkt. No. 46). Three days later, on August 30, 2018, Plaintiffs filed a Third Amended Complaint. (Dkt. No. 60). Defendants then requested permission to file a motion to strike Plaintiffs' Third Amended Complaint, (Dkt. No. 64), which the Court granted. Defendants' motion to strike Plaintiffs' Third Amended Complaint, (Dkt. No. 72), is currently before the Court.

## III.   DISCUSSION

Defendants contend that Plaintiffs' Third Amended Complaint should be struck because Plaintiffs failed to obtain Defendants' written consent or the Court's leave, and thus "did not comply with the express requirements" of Federal Rule of Civil Procedure 15(a)(2). (Dkt. No. 72-1, ¶ 7). Plaintiffs argue that the Third Amended Complaint was filed as a matter of course, pursuant to Federal Rule of Civil Procedure 15(a)(1), and so they were not required obtain Defendants' consent or the Court's leave. (Dkt. No. 87-1, at 1).

Federal Rule of Civil Procedure 15(a) describes two ways parties can amend a pleading before trial. Rule 15(a)(1) allows a party to "amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) states that "[i]n all other cases, a

party may amend its pleading only with the opposing party's written consent or the court's leave."

According to Defendants, Plaintiffs amended their complaint "once as a matter of right" under Fed. R. Civ. P. 15(a)(1) on July 9, 2018. (Dkt. No. 72-1, ¶ 6). Thus, the Third Amended Complaint should be struck because Rule 15(a)(1) only allows parties to amend once as a matter of course, and so Plaintiffs are required to request leave to amend pursuant to Rule 15(a)(2). However—as Plaintiffs argue—they "amended their complaint for the first time [on July 9, 2018] *by court order*" under Fed. R. Civ. P. 15(a)(2). (Dkt. No. 87-1, at 7) (emphasis added). Plaintiffs had moved to amend their complaint pursuant to Rule 15(a)(2), (Dkt. No. 14-17, at 2), and the Court granted this motion. (Dkt. No. 23).

Nonetheless, Defendants argue that because Plaintiffs "filed their first amended complaint while Rule 15(a)(1) applied," they effectively "used their one chance to amend as a matter of course" or "waive[d] the right to amend as a matter of course." (Dkt. No. 92, at 5–8) (citations omitted). According to Defendants, "several courts have recognized that a party who unnecessarily moves for leave to amend either uses or loses his right to amend as a matter of course." (*Id.* at 10). Plaintiffs argue that they moved to amend the Complaint because they were in the midst of a "time gap" and could not have amended as a matter of course because "more than 21 days had elapsed since service and Defendants ha[d] not filed either an Answer or a Rule 12 motion." (Dkt. No. 87-1, at 5). Thus, in the time period between May 17, 2018 (21 days after service of the Complaint) and August 10, 2018 (when Defendants moved to dismiss), Plaintiffs believe that they were unable to amend as a matter of course and thus needed to obtain Defendants' written consent or the Court's leave, pursuant to Rule 15(a)(2). (*Id.*). Plaintiffs argue that because Rule 15 "does not prescribe any particular sequence for the exercise of its

provisions," they were allowed to amend as a matter of course pursuant to Rule 15(a)(1) after amending twice pursuant to Rule 15(a)(2). (Dkt. No. 87-1, at 10 (citing *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1007 (9th Cir. 2015)) (emphasis omitted).

The Court must first determine whether, when Plaintiffs first amended their Complaint, there was a time gap such that they could not have amended as a matter of course. If so, then Defendants' argument that Plaintiffs either used or waived their amendment as a matter of course is without merit. There is some case law within this Circuit "suggesting that, based on the language of Rule 15(a)(1)(A), a plaintiff's ability to amend a complaint as of right expires after 21 days have passed following service of the original complaint, if the defendants have not filed an answer or Rule 12(b), (e), or (f) motion in response to the complaint." *Ramos v. Poore*, No. 15-cv-518, 2017 WL 1362017, at *2, 2017 U.S. Dist. LEXIS 54820, at *5 (D. Conn. Apr. 11, 2017); *see also Trustees of I.B.E.W. Local Union No. 488 Pension Fund v. Norland Elec., Inc.*, No. 11-cv-709, 2013 WL 785333, at *2, 2013 U.S. Dist. LEXIS 28576, at *5 (D. Conn. Mar. 1, 2013) (noting that the plaintiffs' opportunity to amend their complaint as a matter of course had expired because more than 21 days had passed since service and the defendant had not filed a responsive pleading or motion); *Castro v. United Sec. Inc.*, No. 10-cv-6152, 2011 WL 1532012, at *1, 2011 U.S. Dist. LEXIS 42707, *2–3 (S.D.N.Y. Apr. 18, 2011) (construing an attempt to amend a complaint as a matter of course as a request to amend because it was filed more than 21 days after service but before the defendant filed a motion to dismiss).

However, Defendants argue that this interpretation of Rule 15 runs counter to the advisory committee's notes to the Federal Rules of Civil Procedure. (Dkt. No. 92, at 6). Specifically, prior to the 2009 amendments, Rule 15(a)(1) allowed a plaintiff "to amend as a matter of course at any time between filing his complaint and receiving the defendant's answer."

*U.S. ex rel. D'Agostino v. EV3, Inc.*, 802 F.3d 188, 193 (1st Cir. 2015).[1] According to the advisory committee's notes, the amendment made "three changes in the time allowed to make one amendment as a matter of course": (1) "the right to amend once as a matter of course terminates 21 days after service of a motion under Rule 12(b), (e), or (f)," (2) "the right to amend once as a matter of course is no longer terminated by service of a responsive pleading," and (3) "extend[ing] from 20 to 21 days the period to amend a pleading to which no responsive pleading is allowed." Fed. R. Civ. P. 15(a) advisory committee's note to 2009 amendment. Thus, according to Defendants, the amended Rule 15(a)(1)(A), "which permits plaintiffs to amend a pleading once as a matter of course 'within . . . 21 days after serving it,' was meant only to extend the time for amending non-responsive pleadings," and "was not meant, as Plaintiffs believe, to create two discrete periods for amending complaints as a matter of course, and a 'time gap' in between that temporarily requires leave of the court." (Dkt. No. 92, at 7).

The Second Circuit has not weighed in on the issue. However, courts outside this Circuit, including the First and Seventh Circuits, agree with the interpretation of Rule 15 advanced by Defendants—that no time gap exists. *See D'Agostino*, 802 F.3d at 193 (stating that "[n]othing else in either the text of Rule 15 or in the advisory committee's notes evinces an intent to confine amendments as a matter of course under Rule 15(a)(1)(B) to a narrow window following service of an answer or a response motion"); *Swanigan v. City of Chicago*, 775 F.3d 953, 963 (7th Cir. 2015) (holding that the district court erred in dismissing a case because the plaintiff had retained the right to amend his complaint as a matter of course even though more than 21 days had passed

---

[1] Prior to the 2009 revision, "the amendment of a pleading before trial was permitted '(1) . . . once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.'" *Ramos*, 2017 WL 1362017, at *2, 2017 U.S. Dist. LEXIS 54820, at *4 (quoting *Yale Univ. v Konowaloff*, No. 09-cv-466, 2010 WL 3925262, at *1, 2010 U.S. Dist. LEXIS 103024, at *3–4 (D. Conn. Sept. 29, 2010)).

since it was served and no answer or responsive pleading had yet been filed); *United States ex rel. Gacek v. Premier Med. Mgmt., Inc.*, No. 14-cv-0342, 2017 WL 2838179, at *5, 2017 U.S. Dist. LEXIS 101963, at *14 (S.D. Ala. June 30, 2017) ("[P]laintiffs are routinely permitted to amend their complaints once as a matter of course <u>at any time</u> from the date they are filed until a date 21 days after service of a responsive pleading or motion to dismiss.); *President & Fellows of Harvard Coll. v. Elmore*, No. 15-cv-00472, 2015 WL 10819161, at *1, 2015 U.S. Dist. LEXIS 178092, *3–4 (D.N.M. Nov. 9, 2015) (noting that "Rule 15(a)(1)(B) does not prohibit the plaintiff from amending a pleading before defendant files a response" because the 2009 "change did not limit amendments to that 21-day period [after service]"); *see also* 6 Charles Alan Wright et al., *Federal Practice and Procedure*, § 1480 (3d ed. 2010) ("[I]f the time for serving the responsive pleading is extended by a motion . . . or by stipulation, the period for amending as of right also may be enlarged."). As the First Circuit reasoned in *D'Agostino*, the advisory committee's notes suggest that the "2009 revisions did not purpose to alter the time at which a plaintiff can first amend as a matter of course." 802 F.3d at 193. Rather, their "focus on the time at which the right to amend terminates and its concomitant silence concerning changes to when such an amendment may first be made makes abundantly clear that . . . the word 'within' merely specifies the point at which the right expires." *Id.*

The Court agrees with the reasoning in *D'Agostino* that—when a responsive pleading is required—there is no "time gap" during which a party cannot amend as a matter of course when no responsive pleading or motion under 12(b), (e), or (f) has been filed. Thus, in this case, when Plaintiffs first requested to amend their complaint on June 13, 2018, (Dkt. No. 14-17, at 2), they could have amended their complaint as a matter of course. Nonetheless, at the time, Plaintiffs explicitly sought the Court's leave to amend their complaint pursuant to Rule 15(a)(2), (Dkt. No.

14-17, at 2), which was granted. (Dkt. No. 23). Thus, the Court must assess whether Plaintiffs either waived or used their right to amend by requesting the Court's leave to amend their original complaint.

According to Defendants, "a plaintiff who seeks a court's leave to amend either uses or loses the right to amend as a matter of course." (Dkt. No. 92, at 8). In support, they cite caselaw largely from outside the Second Circuit involving facts that are inapposite to the facts here. *See Coventry First, LLC v. McCarty*, 605 F.3d 865, 869–70 (11th Cir. 2010) (holding that a district court had discretion to consider, and deny, an unnecessary motion to amend that a party "chose to file" when it could have amended its complaint as a matter of course; by filing a motion to amend the party "waived the right to amend as a matter of course" and invited the District Court to review its proposed amendments); *Stewart v. RCA Corp.*, 790 F.2d 624, 631 (7th Cir. 1986) (holding that the district court was "obliged to grant" an unnecessary motion to amend for a party who "did not say why he asked leave" because the party could have amended as a matter of course).

Plaintiffs contend that "Rule 15 is organized substantively, not chronologically," and thus "does not mandate that the matter of course amendment under 15(a)(1) be exhausted before an amendment may be made under 15(a)(2), nor does it state that the ability to amend under 15(a)(1) is exhausted or waived once a 15(a)(2) amendment is made." (Dkt. No. 87-1, at 10 (quoting *Ramirez*, 806 F.3d at 1007)). In *Ramirez*, the Ninth Circuit held that Rule 15 "provides different ways to amend a complaint, and these ways are not mutually exclusive," and thus "it does not prescribe any particular sequence for the exercise of its provisions." 806 F.3d at 1007; *see also Nuclear Watch New Mexico v. United States Dep't of Energy*, No. 16-cv-00433, 2018 WL 3405256, at *7, 2018 U.S. Dist. LEXIS 116716, at *23 (D.N.M. July 12, 2018) ("[A]

plaintiff preserves its as of right amendment under 15(a)(1) even if the plaintiff obtained previous amendments through a different provision of Rule 15"); *Thompson v. Jiffy Lube Int'l, Inc.*, 505 F. Supp. 2d 907, 913 (D. Kan. 2007) ("[T]he plain language of [Rule 15] persuades the Court that Plaintiffs are entitled to amend their pleading under Rule 15 [as a matter of course]" even though the plaintiffs had previously amended with the court's leave).

In this case, Plaintiffs first requested leave to amend their complaint pursuant to Rule 15(a)(2) because they believed there was a time gap such that they could not amend as a matter of course.[2] (Dkt. No. 14-17, at 2; Dkt. No. 75, at 3). Defendants disagreed with Plaintiffs' time-gap analysis, but the Court did not reach the question of whether a time gap exists and granted Plaintiffs' request to amend under Rule 15(a)(2). (Dkt. No. 75, at 2–3). Plaintiffs then amended their Complaint a second time with Defendants' consent, also pursuant to Rule 15(a)(2). (Dkt. No. 35). The Court agrees with Plaintiffs that, under these facts, they did not use or waive their Rule 15(a)(1) right to amend. Both prior amendments were made pursuant to Rule 15(a)(2), and Plaintiffs subsequently submitted their Third Amended Complaint within 21 days of Defendants' motion to dismiss. *See Ramirez*, 806 F.3d at 1007 ("[A] plaintiff may amend in whatever order he sees fit, provided he complies with the respective requirements found within 15(a)(1) and 15(a)(2).").

Defendants do not persuasively argue that the relevant provisions in Rule 15 contain an implicit timing requirement, and that a party who amends pursuant to Rule 15(a)(2) has lost or waived their right to amend as a matter of course under Rule 15(a)(1). Nor do Defendants cite any controlling Second Circuit caselaw that suggests, given the facts of this case, Plaintiffs either

---

[2] Even though the Court now finds that this time gap does not exist—and Plaintiffs could have amended as a matter of course—the Court notes that there is in-Circuit district court caselaw supporting Plaintiffs' interpretation of Rule 15(a). *See Ramos*, 2017 WL 1362017, at *2, 2017 U.S. Dist. LEXIS 54820, *5–6.

used or waived their Rule 15(a)(1) right to amend as a matter of course by amending their complaint under Rule 15(a)(2). Accordingly, the Court finds that Plaintiffs' timely filed their Third Amended Complaint pursuant to Rule 15(a)(1) and Defendants' motion to strike is denied.[3]

## IV.    CONCLUSION

For these reasons, it is

**ORDERED** that Defendants' Motion to Strike (Dkt. No. 72) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 29, 2020
       Syracuse, New York

Brenda K. Sannes
U.S. District Judge

---

[3] Defendants argue that "[e]ven if Plaintiffs 'retained a right to amend as a matter of course, that right [is] not absolute'" and the Court should deny leave because "[f]or all the reasons as briefed in the University's Motion to Dismiss . . . Plaintiffs' Third Amended Complaint fails to cure the deficiencies in their claims." (Dkt. No. 92, at 10 (quoting *Perkins v. Silverstein*, 939 F.2d 463, 471–72 (7th Cir. 1991))). The Court reserves judgment and will issue a separate memorandum-decision and order addressing Defendants' motion to dismiss. (Dkt. No. 44).