

**JOHN G. POWERS, ESQ.**
jpowers@hancocklaw.com
315-565-4547

May 5, 2020

**VIA ECF**

Honorable Brenda K. Sannes
United States District Court Judge
Federal Building & U.S. Courthouse
Syracuse, New York 13261

      **Re:** *John Does #1-9 v. Syracuse University, et al.*, **5:18-CV-00496 (BKS/ML)**

Dear Judge Sannes:

    I am counsel to Defendants Syracuse University (the "University"), Kent Syverud ("Chancellor Syverud"), Robert Hradsky, and Teresa Abi-Nader Dahlberg. I write to confirm Defendants' understanding of how the Court intends to proceed with regard to Defendants' response to Plaintiffs' Third Amended Complaint [Dkt. No. 60].

    In the Court's recent Memorandum-Decision and Order denying Defendants' motion to strike the Third Amended Complaint, the Court noted that Defendants had urged the Court to deny leave for Plaintiffs to file that complaint on the ground that Plaintiffs had failed to cure the deficiencies claimed by Defendants in their pending motion to dismiss the Second Amended Complaint. [Memorandum-Decision and Order, at 10 n.3 (Dkt. No. 107)]. As a result, the Court stated: "*The Court reserves judgment and will issue a separate memorandum-decision and order addressing Defendants' motion to dismiss. (Dkt. No. 44).*" *Id*. (emphasis added).

    It is Defendants' interpretation of this passage that they need not, *at this time*, file a separate Answer or Motion to Dismiss the Third Amended Complaint. Rather, it is Defendants' understanding that the Court first will address the question upon which it has reserved judgment: whether the Third Amended Complaint is futile because Plaintiffs have failed to cure deficiencies identified by Defendants in their pending motion to dismiss. Should the Court reject the argument upon which it has reserved judgment, then Defendants will proceed to respond to the Third Amended Complaint at that time.

                            *Defendants' pending motion is comprised of multiple filings*

    In light of the Court's statement quoted above, we respectfully advise that the referenced motion is comprised of multiple filings addressing the changed procedural posture of the case over time. By way of background, this case involves claims made by a group of Syracuse University fraternity members who were disciplined by the University based on video-recorded performances at a fraternity event at which the Plaintiffs and other fraternity members were

depicted engaging in racist, homophobic, disablist and misogynistic conduct.  After conducting a joint student disciplinary hearing, a University Conduct Board found that each of the Plaintiffs and certain other students had violated three provisions of the University's Code of Student Conduct and, as a result, meted out suspensions of varying length to the Plaintiffs and other fraternity members based upon their level of involvement.  With one exception, those findings were upheld after appeal to the University Appeals Board.

In this action challenging the disciplinary process, both the Second Amended Complaint and the Third Amended Complaint contain largely the same claims, which can be summarized in two general categories: (i) several variants of a breach of contract claim based upon the allegation that the University failed to comply with its own student disciplinary procedures; and (ii) a defamation claim premised on the allegation that public statements of Chancellor Syverud and other University officials to the University community condemning the fraternity's conduct as racist, homophobic, disablist and misogynistic was defamatory.  On August 10, 2018, Defendants initially moved to dismiss these claims in the Second Amended Complaint for failure to state a claim, based on the analysis contained in their briefing found at Dkt. Nos. 44 (motion and supporting materials) and 93 (reply).

Shortly after that motion was filed, on August 13, 2018, a group of the Plaintiffs, represented by their same legal counsel, filed a parallel state court proceeding, under CPLR Article 78, captioned: *John Doe, et al. v. Syracuse University*, Index No. 2018-00001865, RJI No. 22-18-0762, in Jefferson County Supreme Court (the "Parallel State Court Action").  As set forth in Defendants' supplemental briefing to this Court at Dkt. No. 97, the Petitioners' pleading in the Parallel State Court Action alleged the exact same conduct that is at issue in this action—*namely*, that the University failed to follow its own disciplinary procedures relative to the fraternity members' discipline.  On January 18, 2019, upon consideration of a full evidentiary record, Justice James P. McClusky issued a decision dismissing the Article 78 Petition on the merits.[1]  Justice McClusky found that, relative to the challenged discipline, the University had "substantially complied with their procedures" and that the evidentiary record supported "violations of . . . two rules and a punishment clearly within the [University's] guidelines."[2]

Given Justice McClusky's ruling in the University's favor in the Parallel State Court Proceeding on factually identical claims, Defendants then supplemented their previously-filed Fed. R. Civ. P. 12(b)(6) motion in this Court to raise an additional *collateral estoppel* argument by additional briefing filed at Dkt. No. 97.  Under the Second Circuit authority cited in Defendants' supplemental briefing, collateral estoppel flowing from Justice McClusky's ruling would apply to *all* Plaintiffs in this action regardless of whether they were Petitioners in the Parallel State Court Action.  Plaintiffs responded to this supplemental briefing at Dkt. No. 98.

---

[1] Justice McClusky's decision is currently on appeal before the Supreme Court Appellate Division, Fourth Department, and is pending decision on submit.

[2] *See* Dkt. No. 97-2 (Powers Decl., Ex. A) at pp. 4, 7.

*Change in the status of the Plaintiffs*

It should also be noted that since the filing of the last briefing on the pending motion, several of the Plaintiffs in this case have voluntarily dismissed their claims and are no longer a part of this action. Thus, the only Plaintiffs that currently remain in this action are Doe #1[3], Doe #3, and Doe #5.

\* \* \*

Accordingly, Defendants respectfully request that the Court confirm, via Text Notice, that Defendants need not respond to the Third Amended Complaint until the Court addresses the issue upon which it has reserved decision. If the Court has questions about either the federal or state court actions, Defendants would be pleased to participate in a telephonic conference at the Court's convenience.

Respectfully Submitted,

HANCOCK ESTABROOK, LLP

*s/ John G. Powers*

John G. Powers

cc:   All Counsel of Record via ECF.

---

[3] Doe #1 was Petitioner Doe #3 in the Parallel State Court Action.

## CERTIFICATE OF SERVICE

      I hereby certify that, on May 5, 2020, I caused the foregoing to be filed electronically with the Clerk of the District Court, Northern District of New York using the CM/ECF system, which sent contemporaneous notification of such filing to all counsel who have made an appearance in this action.

**DATED**: May 5, 2020

    *s/ John G. Powers*
    (Bar Roll No. 50834)